## MOTT *vs.* COMSTOCK.

Where a husband professes to provide for his wife, who lives apart from him, it is incumbent upon a party who has been expressly forbidden to give credit to her, in order to render the husband liable for subsequent supplies, to shew affirmatively and clearly that the husband did not supply her with necessaries suitable to her condition.

Where the wife, when furnished with provisions in *large quantities sells* them, the husband is excused in adopting the mode of providing for her by sending her *meals* to her, if the supply be abundant and of good quality.

ACTION against a husband for necessaries furnished his wife. The cause was submitted to *referees*, who made a report against the defendant, which he moved to set aside.

*S. Stevens,* for motion.

*J. A. Spencer,* contra.

*By the Court,* SUTHERLAND, J.   The evidence shews that the defendant provided for his wife, although they did not actually live together. He furnished her with a house in his immediate neighborhood, and sent or took her *meals* to her regularly; and there is nothing to shew that the supply was not abundant and of good quality, except the complaint of the wife herself, in an altercation with her husband in the store of the plaintiff, when the defendant expressly forbade the plaintiff to give credit to his wife. The parties were both excited, and the declaration of the defendant on that occasion, that she might *work for her living,* is not, under the circumstances of the case and in connection with the other evidence, to be considered a refusal on his part to provide for her. There is some reason to believe from the evidence that the defendant was not without excuse for the *manner* in which he provided for his wife. It is stated by one of the witnesses that it was said in the neighborhood that she *sold provisions* when furnished to her in *large quantities;* that she sold a barrel of pork, and destroyed some articles of her husband's property.

I consider the evidence as satisfactory, shewing that the defendant supplied his wife with necessaries suitable to her condition; that he professed to provide for her there is no dispute, and where that is the case, it is incumbent upon a party who has been expressly forbidden to give credit to a wife, in order to render the husband liable for subsequent supplies, to shew affirmatively and clearly that the husband did not supply her with necessaries suitable to her condition. This was not done in this case. There can be no dispute as to the principles of law applicable to this case. 8 Johns. R. 72. 10 id. 38. 11 id. 281. Ld. Raym. 1006. 2 Strange, 1214, n. 4 Esp. N. P. C. 41. 1 id. 441. 3 id. 250. 3 Campb. 22, 326. 5 Taunt. 356. 4 Barn. & Ald. 252. 5 Bos. & Pul. 148.

NOTE.—The claim of the plaintiff consisted of various demands. Sundry objections were taken to the report, all of which were disallowed, except that to the plaintiff's demand for necessaries furnished the wife after the plaintiff was forbidden to give credit to her. This objection was sustained and the report set aside, unless the amount of that item was remitted on the record.