## A. & W. HUGHES v. CHADWICK.

1. The husband is bound for the contracts of his wife during cohabitation, for necessaries suitable to his degree and station in life, without proof of assent on his part that she should make such purchase.

ERROR to the Circuit Court of DeKalb.

PORTER, for the plaintiff in error—submitted the cause.

ORMOND, J.—The plaintiffs commenced their suit before a justice of the peace, and judgment being given against them for costs, appealed to the county court. Upon the trial in that court, it appeared that the account of the plaintiffs was created by the wife, by the purchase of a calico dress, and there being no proof of any consent by the husband, that his wife should purchase goods on his account, and he being examined as a witness, and denying that he ever gave such a permission to her, the court rendered judgment for the defendant, from which a writ of error was prosecuted to the circuit court, where the judgment of the county court was affirmed.

The husband being under an obligation to provide for the necessary wants of his wife, is responsible for her contracts for ne-

cessary food and clothing suitable to his degree and station in life, so long as they cohabit as man and wife; and cannot by his abandonment of her, impair her right to such support. The wife being under a legal disability to make any contract which shall charge the husband without his consent, his assent is implied, if the articles purchased are necessary for the support or comfort of the wife or her family, and are such as the husband, from his estate and condition in life, may be presumed to assent to the purchase of. The law has been thus understood, ever since the judgment in the celebrated case of Scott v. Manby, [1 Bac. Ab. 488; Baron and Feme, H.]

It does not, to be sure, appear in this case, that the calico dress purchased by the wife, was suitable to the degree and station in life of the husband, nor is there any testimony on this point. The decision of the court appears to have turned upon the fact, that the husband had never given his wife permission to trade on his account, and we may, therefore, assume, that the article of clothing purchased, was not an extravagant expenditure, unsuited to the estate of the husband. Considered, then, as the purchase by the wife of necessary clothing, suitable to the circumstances and condition in life of the husband, he is bound by her contract without any express consent that she should make the purchase. The wife is impliedly in such cases, the agent of the husband, and within the limits above prescribed, he is as much bound by her contracts as if she acted under an express authority.

The circuit court erred in affirming the judgment of the county court, upon the ground stated in the bill of exceptions. It appears that the bill of exceptions taken in the county court, was not signed and sealed during the term of the court, but afterwards, and during the sitting of the circuit court, and upon proof of this fact, and that neither the defendant or his counsel had consented to it, and "that the same had been made part of the record illegally," the circuit court disregarded the bill of exceptions.

In the case of Weir v. Hoss and wife, at the present term, we considered the power of the appellate court, to suppress a bill of exceptions, and we then held that it could only be done when the bill had been surreptitiously or fraudulently obtained.

Nothing of that kind appears in this case. The only reason assigned by the court for suppressing the bill of exceptions, is, that the bill was not sealed during the term of the court at which

the exception was taken, but afterwards, and whilst the cause was depending in the appellate court. This, according to previous decisions of this court, the Judge trying the cause had the right to do, if he retained a sufficient recollection of the point reserved to enable him to certify it, and that the bill when so signed and sealed, became a part of the record. [See the decisions referred to in the case last cited.] The circuit court, therefore, erred in supposing that the bill of exceptions was not a part of the record, it not appearing that it was fraudulently obtained.

Let the judgment be reversed, and the cause remanded.