By the Court—Monell, J.
I think the learned Justice erred, in refusing to charge, as requested in the two propositions submitted by the defendant’s counsel. The defendant, the husband of Mrs. Bagioli, had given notice to the Messrs. Becks not to sell his wife any more goods on his account. Of this there was no dispute. The notice was given before the goods were sold, and the sale was made by the Becks, with full knowledge that the defendant would not be responsible, unless they could obtain a subsequent promise to pay, or be able to make it appear that the articles furnished were necessary and suitable to her condition in life, and that she was not otherwise pro *581 vided for by her husband. The husband is bound to provide his wife with necessaries, suitable to her situation and his condition in life. He is bound by her contracts, j for ordinary purchases, from a presumed assent on his J part; but if his dissent be previously made known, the J presumption of his assent is rebutted, and he is not liable, unless the seller shows the absolute necessity of the purchase, for her comfort. (Etherington v. Parrot, 1 Salk., 118; Ld. Raym., 1006.) This doctrine is fully recognized in this country, and is believed to be founded on principles of justice. (2 Kent. Com., 146, 9th ed., p. 134; Mott v. Comstock, 8 Wend., 544.) Hence, the Jury should have been told that if they believed the defendant had given notice not to sell to his wife on his account, they must, to entitle the plaintiffs to a verdict, find, either that the defendant had promised to pay, or that e the goods were absolutely necessary for her comfort. So far from this, the learned Justice had previously excluded the inquiry of the defendant, whether he did not furnish his wife with the necessary articles, requisite for her comfort, and no evidence was given or offered by the plaintiffs, that the goods in ques- - tion were necessary.
The Judge did, however, charge, that if they did not find the promise to pay, and found that the defendant had given the notice not to trust his wife, then they were to inquire whether the goods were suitable and necessary to the condition in life in which Mrs. Bagioli lived. “Because,” says the learned Justice, “ it does not appear that the defend “ant furnished his tvife with any articles for her use.” And if they found they were suitable and necessary, the defendant was liable, although he had not promised, and had made his dissent previously known.
The theory of the charge was that the defendant would be liable, although he had given the notice, if the Jury believed the articles were necessary, and that the defendant must show that they were not necessary, and not the plaintiffs that they were. There was no evidence from which the Jury could determine the suitableness of the *582 goods to the condition in life of Mrs. Bagioli. The plaintiffs had proved nothing on that subject, and the defendant was not permitted to disprove it. A concurrence by the’Jury that the articles were necessary, would have been, not only unsupported by evidence, but clearly against the evidence.
As the case stood at the close of the evidence, I think the defendant was entitled to a verdict. But the view I. have taken of the other questions renders it unnecessary for me to say whether the motion to dismiss the complaint came too late.
I am clearly of opinion that the learned Judge erred, both in refusing to charge as requested by the defendant’s counsel, and in charging, as he did substantially, that the burden of proof that the articles were not necessary, was on the défendant.
For these reasons I think the judgment should be reversed and a new trial granted, with costs to abide the event.
Order accordingly.