EDWARD B. BULKLEY, AS SUPERVISOR, ETC., APPELLANT, *v.* CALEB W. BOYCE AND JOHN NICHOLSON, RESPONDENTS.

*Undertaking given by a husband to support his wife — it is not rendered void by the insertion of the words " according to his means" — Code of Criminal Procedure, secs.* 899, 901 *and* 904.

On September nineteenth the defendant Boyce, as principal, and the defendant Nicholson, as surety, executed and delivered to the recorder of the city of Watertown an undertaking, which recited an order made by the recorder requiring the said Boyce to enter into an engagement in writing, with one or more sureties, in the sum of $200, that he would support his wife according to his means, and indemnify the city of Watertown and the county of Jefferson, as well as the town of Antwerp, against his wife, Mary Jane, becoming a charge thereon for one year, and which also contained a provision by which the defendants undertook that the said Boyce " shall and will, for one year from date hereof, support his wife *according to his means,* and will indemnify the said town, city and county against her becoming a charge thereon for the period of one year from date hereof, or pay to the city, town or county, the sum of two hundred dollars in case of his failure so to do."

This action was brought by the town to recover for moneys which it had been compelled to provide and contribute for the support of the wife, who had become a charge upon it within the year.

*Held,* that a judgment dismissing the complaint upon the ground that the undertaking was not given in compliance with or in conformity to the provisions of the statute in such case provided, should be reversed.

That the undertaking accorded with the requirements of the sections of the Code of Criminal Procedure, prescribing the cases in which the magistrate might require an undertaking to be given by a husband abandoning his wife without adequate support, or who neglected to provide for her according to his means, and that it should not be avoided and be held invalid because it contained the words " according to his means."

*Richardson* v. *Crandall* (48 N. Y., 348); *Spinney* v. *Thurber* (33 Hun, 448) distinguished.

APPEAL from a judgment, entered in Jefferson county, dismissing plaintiff's complaint, with costs.

The trial was had at the circuit before the court without a jury. On the nineteenth day of September, Boyce as principal and Nicholson as surety, executed and delivered to the recorder of the city of Watertown, an undertaking under their hands and seals, reciting

proceedings had, and containing the following condition, viz. : "And, whereas, on the establishment of said complaint, the said recorder did make an order requiring the said Caleb W. Boyce to enter into an engagement in writing, with one or more sureties, in the sum of $200, that he would support his wife according to his means, and indemnify the city of Watertown and the county of Jefferson, as well as the town of Antwerp, in said county, against his wife Mary Jane becoming a charge thereon for one year. Now, therefore, we, said Caleb W. Boyce and John Nicholson of Kasoag, Oswego county, N. Y., do hereby undertake that the said Caleb W. Boyce shall and will, for one year from date hereof, support his wife according to his means, and will indemnify the said town, city and county against her becoming a charge thereon, for the period of one year from date hereof, or pay to said city, town or county the sum of $200 in case of his failure so to do."

The undertaking was filed by the recorder and Boyce was discharged from custody. It was found as a fact : "That after the giving of said undertaking the said defendant Boyce wholly neglected to support or provide for his said wife Mary Jane, and thereafter and within one year from the giving of the same, said Mary Jane Boyce became and was a charge upon the said town of Antwerp as a poor person, and the said town did provide and contribute towards her support, the amount of forty-two dollars prior to September 18, 1883."

The court found and decided as a matter of law, viz. : " The said undertaking was not given in compliance with or conformity to the provisions of the statute in such case made and provided, but on the contrary there is a substantial variance therein from such provisions of said statute, and the said undertaking is therefore void and of no effect. Plaintiff is not entitled to recover from defendant anything on account thereof."

The trial judge delivered an opinion resting his decision upon the ground embraced in the conclusion of law just quoted, and referring to 3 Revised Statutes [7th ed.], 2374, section 59, which is as follows, viz. : " No shereiff or other officer shall take any bond, obligation or security by color of his office in any other case or manner than such as are provided by law, and any such bond, obligation or security taken otherwise than as herein directed shall be void."

*John C. Trolan*, for the appellant.

*Henry Purcell*, for the respondents.

HARDIN, P. J.,

Section 899 of the Code of Criminal Procedure declares The following are disorderly persons: (1.) "Persons who actually abandon their wives or children without *adequate support*, or leave them in danger of becoming a burden upon the public, or who neglect to provide for them according to their means." (2.) "Persons who threaten to run away and leave their wives or children a burden upon the public."

Section 900 authorizes a warrant for the arrest of such persons upon complaint on oath to a justice of the peace   *   *   * or recorder. Section 901 provides that "if the magistrate be satisfied   *   *   * he may require that the person charged, give security by a writen undertaking, with one or more sureties approved by the magistrate to the following effect: (1.) "If he be a person described in the first or second subdivision of section 899, that he will support his wife and children, and will indemnify the county, city, village or town against their becoming within one year chargeable upon the public. (2.) "In all other cases that he will be of good behavior for the space of one year, or that the sureties will pay the sum mentioned in the undertakiug and which must be fixed by the magistrate."

Section 904 provides that the undertaking mentioned in section 901 is *forfeited* by the commission of any of the acts which constitute the person by whom it was given a disorderly person. If we turn back to section 899, we find that a "neglect to provide for them (wife and children) according *to their means*," is one of the acts named, and that an abandonment of wife and children "without adequate support" is another, and threatening to run away and leave a wife and children "a burden upon the public" is another.

Reading these provisions together, it is manifest that it is provided by the statute that husbands are required to provide for wives and children "according to their means," and that an abandonment of them without adequate support establishes that the husband so abandoning is a disorderly person within the statute. In defining the words "adequate support," and the words "according to their

means," found in subdivision 1 of section 899, reference may be had to the rules of law existing before the statute. The husband was bound to furnish a wife's necessaries or support " suitable to her situation and his condition in life." (*Theriott* v. *Bagioli*, 9 Bosw., 581; 2 Kent's Com., 133, § 28.)

Evidently the statutes quoted were passed to authorize an enforcement of that duty. When we construe section 904 with the preceding sections, it is evident that the undertaking to be given is forfeited when the husband fails or neglects to provide for the wife according to his means. We are brought to consider the undertaking given with the object of the statutory provisions in view, and finding in section 899, that it is his duty to give such support as his means will allow, we see that after the undertaking is executed it is such a neglect as works a forfeiture thereof. (§ 904.)

These views lead us to the conclusion that the undertaking now before us ought not to be avoided and held invalid because it contains the words " according to his means." The undertaking accords with the requirements of the statute under which it was given. It is not against public policy, as in the case of *Richardson* v. *Crandall* (48 N. Y., 348). This case is unlike *Spinney* v. *Thurber* (33 Hun, 448). There the order prescribed a penalty of $250. The bond taken was $500. It was given under chapter 171 of the Laws of 1882, being a special statute as to Kings county, and the court said in that case " the order is the only basis for the bond, and a bond in excess of the order is void under the statute above cited."

In the case in hand the undertaking recites an order in exact accordance with the condition of the undertaking. As we are of the opinion that the undertaking is in accord with the statute under which it was taken and given, we think the trial court fell into an error in declaring the undertaking invalid and void.

Judgment is reversed and a new trial ordered, with costs to abide the event.

FOLLETT and MARTIN, JJ., concurred.

Judgment reversed and a new trial granted, with costs to abide the event.