EULALIA HARRIS v. ALBERT SMITH, ADMINISTRATOR, ETC.

*Parent and child—Services—Implied promise of payment.*

1. Where services are rendered to one standing *in loco parentis*, there is no implied promise to pay for them, though such presumption may be overcome by the facts and circumstances of the case. *Fross' Appeal*, 105 Penn. St. 258.

So *held*, where a step-daughter lived in the family of her step-father from the time she was nine years of age, and was cared for as one of the family, until of full age, after which she continued to reside there and perform the same duties until. her marriage, some five years later, during which latter period she had her board and clothing, and was given money from time to time, all as before attaining her majority, no accounts being kept by either party; and in a suit by the step-daughter to recover wages for said five years' services it is held that there is nothing in the acts or conduct of the parties indicating a promise by the step-father to pay for such services, or an intention on the part of the plaintiff to charge for the same.[1]

2. In such a case, if, after the step-daughter was of age, her mother, in the presence and hearing of the step-father, promised the daughter that he should pay her wages for her services, and the step-father knew that she continued her service in reliance upon this promise, it would be such an acquiescence in the arrangement on his part that he would be bound. by it, the same as though he had made the promise himself..

Error to Kent. (Grove, J.) Argued November 8, 1889. Decided December 28, 1889.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion.

*Ward & Ward,* for appellant. Brief is confined to a. discussion of the testimony.

*Clark H. Gleason,* for plaintiff, contended:

1. If a man marry a widow, he is not bound to maintain her children; citing Schouler, Dom. Rel. (4th ed.) § 237, and cases cited; and I submit that the evidence conclusively shows that defendant maintained his wife's children for a consideration only, and that therefore plaintiff never was such a member of defendant's family as to raise a presumption that her services were gratuitous, but that the contrary presumption obtains.

2. An implied contract may be shown by facts and circumstances. which show that the parties, at the time the services were performed, contemplated or intended pecuniary recompense; citing Schouler, Dom. Rel. (4th ed.) § 269, and cases cited; *St. Jude's*

[1] See *In re Ward Estate,* 73 Mich. 221 (head-note 3), for a case involving the duty of a step-father towards his step-daughter; and see *Johnson v. Onsted,* 74 Id. 437, on the same subject.

*Church v. Van Denberg,* 31 Mich. 287; *Torry v. Young,* 39 Id. 429; *O'Connor v. Beckwith,* 41 Id. 659; *Putnam v. Town,* 34 Vt. 431; *McGarvy v. Roods,* 73 Iowa, 363.

3. After proof of a relation which entitles to wages, the law implies a contract to pay, and it is the province of the jury to fix the amount; citing *Gordner's Adm'rs v. Heffley,* 49 Penn. St. 163, 167.

4. The promise by the mother to plaintiff, at the time she was of age, that if she would stay with her she would be well paid by the defendant for her work, even if not brought to his knowledge or not expressly assented to by him, was one the mother, as defendant's wife, under the circumstances of this case, had authority to make, and he was bound thereby; citing 1 Pars. Cont. 347.

5. The husband is bound by his wife's contracts, during cohabitation, for necessaries suitable to his degree and station in life, without proof of assent on his part; citing Harris, Cont. Mar. Wom. § 138; *Emmett v. Norton,* 8 Car. & P. 506; and this rule applies to hiring of servants in the household; citing Harris, Cont. Mar. Wom. §§ 140, 187; *Pickering v. Pickering,* 6 N. H. 124; *Wagner v. Nagel,* 33 Minn. 348; Whart. Cont. § 84; Whart. Ag. § 15; *Snyder v. People,* 26 Mich. 109.

LONG, J. Plaintiff was a step-daughter of John S. Smith, deceased. On November 13, 1866, when plaintiff was about nine years of age, her mother married Mr. Smith, then a widower, and went to live with him. Each of the parties had separate estates. The wife owned 80 acres of land and personal property where she had lived before her marriage to Mr. Smith, and her husband owned 80 acres where he lived, and some considerable personal property, and another 40 acres of land. At the time of the marriage the husband had five sons and three daughters, all of whom lived at home, more or less, after the marriage. The wife had four sons and two daughters, by a former marriage, some of whom, also, made it their home there. The plaintiff lived there continuously until of age, June 24, 1878, and continued to live there thereafter, and to assist her mother, until she was married, December 21, 1883.

Plaintiff claims she remained there from her arrival at age until her marriage, assisting about the household duties as defendant's hired servant; working for him with the expectation, on her part, of receiving a compensation, and, on his part, to pay the same. Suit was commenced to recover therefor during the life-time of John S. Smith; but, he having died, the suit was revived in the name of the administrator, and on the trial plaintiff had verdict and judgment for $500.17.

Defendant's first contention is that plaintiff could only recover upon an express promise to pay, and that the trial court was in error in submitting the case to the jury upon the question of an implied promise. Upon this question the court charged the jury:

"The relationship existing between the plaintiff and her step-father at the time this claim accrued raises a presumption of law that her services were gratuitous, or, at least, rendered in return for parental care and support; but such presumption is not conclusive against her legal right to recover, in the absence of an express promise to pay for the services. Therefore, if you find that there was no express promise to pay, and yet find, from all the facts and circumstances as shown by the evidence, that her services were rendered in the expectation by her of receiving compensation therefor, and, by the deceased, of paying therefor, she is entitled to recover."

We need not state the evidence given on the trial, under which plaintiff's counsel contends that this instruction is correct. We are satisfied the instruction cannot be upheld. The simple fact that services are rendered, under the circumstances claimed, does not raise a liability on the part of the person for whom they were rendered to pay therefor. *Bartholomew v. Jackson*, 20 Johns. 28; *St. Jude's Church v. Van Denberg*, 31 Mich. 287; *Hertzog v. Hertzog*, 29 Penn. St. 465; *Woods v. Ayres*, 39 Mich. 351.

Where the services are rendered to one standing *in loco*

*parentis,* there is no implied promise to pay for them, though such presumption may be overcome by the facts and circumstances of the case. *Fross' Appeal,* 105 Penn. St. 258. We find nothing in this case, in the facts and circumstances, to overcome this presumption. The plaintiff lived in the family of deceased from the time she was nine years of age; was cared for as one of the family, until the time of her arrival at age, and from that time forward the relationship continued up to the time of her marriage. She performed the same duties, and dwelt there as a member of the family, as she had done before her becoming of age; had her board, clothing, and, from time to time, was given money, the same as before her majority. No accounts were kept by either party, and there is certainly nothing in the acts and conduct of the parties indicating a promise to pay for services rendered, or an intention to charge for the same.

It is claimed that there was some evidence of an express promise. This consists in the testimony of the two brothers of the plaintiff. The brother Ernest says that he knew she got nothing over there; and he raised an objection to her staying, when the mother said she should be well paid for her work there, and that at this time the step-father sat right there, and ought to have heard it, but he could not say whether he did or not. This was sometime in 1878. Plaintiff's brother John testified that he heard his mother say that the plaintiff should have her pay, and that the step-father should pay it; and that this was said in the presence of the step-father. No claim is made that the deceased, by any word of his, ever promised payment; but it is insisted that this promise, made by the mother in the presence and hearing of her husband, that the plaintiff should be paid, was binding upon the deceased. This would be true, with some additional elements. If the mother made the promise, in the

presence and hearing of her husband, that the husband should pay the plaintiff wages for her services, and the husband knew that she continued her service in reliance upon the promise, it would be such an acquiescence in the arrangement on his part that he would be bound by it, the same as though he had made the promise himself. This would amount to express authority on his part to the wife to make the contract. But the law does not authorize the wife, acting as agent for the husband, to bind him by her contracts, except for necessaries. In *Clark v. Cox*, 32 Mich. 204, it was held that the wife had no express authority to purchase necessaries, and that one who furnished necessaries to the wife could not recover against the husband where it did not appear that the husband had himself neglected to provide such necessaries as were suitable to his means.

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.