# Gafford v. Dunham.

## Action on an Account.

1. *Husband and wife; husband not liable for necessaries sold the wife.* A husband is not liable in an action on an account for articles constituting necessaries of life, which were sold to the wife under a contract with her, and were charged to her.

2. *Same; same.*—Where the wife authorizes a servant to buy groceries, and to have them charged to her for the use of her family during the absence of the husband and wife, the husband is not liable upon the order of the servant given to the merchant during such absence.

APPEAL from the City Court of Birmingham.
Tried before the Hon. W. W. WILKERSON.
The facts of the case are sufficiently stated in the opinion.

JOHN H. MILLER, for appellant.—1.    The fact that the goods, though necessaries, were furnished to the wife and charged to her, is sufficient to show, *prima facie*, that the credit was given to her and not to her husband, and he is not liable.—*Pearson v. Darrington*, 32 Ala. 227; Tyler on In. and Cov. pp. 342 and 358; see also 2 Kent 146; 2 Bright, Husband and Wife, 17; *O'Conner*

[Gafford v. Dunham.]

*v. Chamberlain*, 59 Ala. 431 ; 1 Bishop on Marriage and Divorce and Sep., §§ 11⸱6–1188 ; 3 Wait's Act. and Def. 65 ; 1 Addison on Contracts, (1883 ed.), p. 271, § 175 ; *Gayle's Admr. v. Marshall*, 70 Ala. 522.

2. To maintain an action against the husband for necessaries furnished the wife it must appear that the husband refused or neglected to supply the necessaries, and the burden of showing this is on him who sues the husband.—*Cunningham v. Reardon*, 98 Mass. 538; *Raynes v. Bennett*, 114 Mass. 424 ; *Eames v. Sweetser*, 101 Mass. 78 ; 3 Wait's Ac. and Def., 650.

3. The fact of the wife having an estate of her own and the tradesman dealing with her alone and making charges to her alone and receiving payments from her alone, will go far towards showing that he dealt with her on her own credit and not on her husband's ; nor will a tradesman be allowed, after giving credit to one person, to shift his claim and charge another person.— 1 Parsons on Contracts (6th ed ), p. 382 ; and § 348 and note at bottom of p. 347 ; *Bentley v. Griffin*, 5 Taunt: 356 ; *Metcalfe v. Shaw*, 3 Camp. 22 ; *Stammers v. Macomb*, 2 Wend. 454; *Moses v. Fogartie*, 2 Hill, S. C. 45 ; *Sheldon v. Pendleton*, 18 Conn. 417; *Leggett v. Reed*, 1 C. & P. 16.

4. The husband is now under our statute not liable for contracts of the wife. By our statute he is entirely absolved from liability thereon, absolutely freed therefrom.—*Strauss v. Glass*, 108 Ala. 546 ; Code of 1886, § 2347.

Gregg & Thornton, *contra.*—1. The husband is primarily liable for necessaries, though goods charged to wife. Wife is the mere agent of the husband.—Harris' Contracts by Married Women, pp. 140–1, § 139.

2. The fact that the goods were charged to the wife is of little consequence, so long as the husband consents to the purchases, and there is not an express prohibition on his part of the sales.—*Mackinley v. McGregor*, 3 Warton (Pa.), 369 ; *Gayle's Adm'r. v. Marshall*, 70 Ala. 522. These two cases review the leading authorities on the question involved in this appeal.

3. "The husband is bound for the contracts of his wife during cohabitation, for necessaries suitable to his degree and station in life without proof of assent on his

part, that she made such purchases, and she cannot by contract release him from supporting her and her family.''—*Hughes v. Chadwick*, 6 Ala. 651; Harris' Contracts by Married Women, p. 140, § 138.

4. Where the husband assents to the purchases of his wife, does not expressly forbid them, or uses the articles himself, or permits his family to use them, his attempt, says the Supreme Court of Pennsylvania, to shield himself from payment, would be a gross fraud.—*Mackinley v. McGregor, supra.*

COLEMAN, J.—F. W. Dunham sued the appellant, F. H. Gafford, and his wife, M. B. Gafford, upon an account for groceries and supplies alleged to have been sold by one Boggan, the assignor of plaintiff. The uncontroverted evidence shows that the articles were sold to, and upon the sole credit of M. B. Gafford. The contract for their purchase was made with her only, and all payments which had been credited upon the account were made by her. The articles were charged to her, and the name of F. H. Gafford no where appears upon the books of account, nor is it pretended that at any time was he regarded as the debtor. After hearing the evidence, the court, without the intervention of a jury, rendered judgment in favor of M. B. Gafford, and against the husband, F. H. Gafford, who prosecutes the present appeal. At the trial the wife interposed the plea of coverture, and the failure of the husband to give his assent in writing to the contract. This plea was fully sustained by the evidence. We presume the court rendered judgment against the husband upon the ground that, as the contract made with the wife was void, and as the evidence showed that the articles purchased were necessaries of life, and suitable to the degree and station in life of the wife of F. H. Gafford, his common law liability arose, and he was chargeable for such necessaries furnished to her. Considered with reference to the evidence as to the furnishing of the articles to the wife, or as to the common law liability of the husband for necessaries furnished to the wife, the conclusion of the court was erroneous. The common law liablility of the husband for necessaries and suitable comforts has always rested upon the assumption that credit was given to the husband and not to the wife, and that the purchase was

made with his implied assent. In no case did this liability arise when the facts showed affirmatively that credit was given to the wife and charged to her and not to the husband, and the goods were sold, not upon his implied assent that they were to be charged to him.—*Hughes v. Chadwick*, 6 Ala. 651; *Pearson v. Darrington*, 32 Ala. 231; *O'Connor v. Chamberlain*, 59 Ala. 431; *Gayle v. Marshall*, 70 Ala. 522.

The evidence also is satisfactory that the goods sued for were furnished to some one during the absence of both husband and wife, from home, and that neither ever received or used the articles constituting the account. The fact, that M. B. Gafford had authorized her cook to order groceries from Boggan for the use of the family, to be charged to her, in no event would impose a liability at common law upon the husband, upon the order of the cook given to the merchant during the absence of both husband and wife.—*Strauss v. Glass*, 108 Ala. 546, and sections of the Code construed in the opinion.

The judgment is reversed and a judgment will be here. rendered in favor of the appellant.

Reversed and rendered.