## LIABILITY OF HUSBAND FOR GOODS PURCHASED BY HIS WIFE.

Circuit Court of Cuyahoga County.

LEO W. LEDERER v. W. J. WHITE.

Decided, March 28, 1908.

*Husband and Wife—Necessaries.*

1. A husband who suitably supplies his wife with necessaries, or with the money to purchase them, will not be held liable, on the basis of a presumption of authority or of an implied agency, for goods purchased by her on his credit, without his knowledge or consent, of one with whom he had no previous dealings, though the goods be of the quality of necessaries.
2. A tradesman supplies goods to the wife at his peril when the husband is guilty of no neglect of duty in the premises, and when, consequently, there can be no necessity for her purchasing on his credit.

*Howland & Niman,* for plaintiff in error.
*Clifford B. Haskins,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

Plaintiff in error sued before a justice of the peace for necessaries furnished to the wife of defendant in error while living separate and apart from her husband in the family homestead. He recovered a judgment, which on error to the court of common pleas was reversed, and thereupon the case being retained

for trial, as required by statute, trial by jury was waived and upon evidence the court rendered judgment for the defendant. The error assigned is that the judgment is not supported by the evidence and is contrary to law. Two questions are thus raised; first as to the authority of the wife to bind her husband for necessaries purchased by her when she is already amply supplied by her husband with the means to purchase the same, as is shown by the evidence to be the case here, and secondly, whether the husband has not in fact ratified the claim made against him here in that the entire principal of the account, interest whereon is the subject-matter of the present action, was paid out of moneys received from him and held by his attorneys for the settlement of his wife's pecuniary claims against him.

We do not think the evidence of ratification is such as to warrant us in reversing the judgment of the court of common pleas for that reason. The circumstances of the payment made with the husband's funds are quite consistent with the theory that it was solely the wife's obligation and not his own that the husband was paying.

Upon the other question there is a surprising dearth of authority, and among what few decisions there are directly in point there is much contrariety. We think, however, the better rule is laid down in *Clark* v. *Cox*, 32 Mich., 204, wherein the fourth and fifth paragraphs of the syllabus are as follows:

"A husband who suitably supplies his wife with necessaries or with the money to purchase them, will not be held liable, on the basis of a presumption of authority or of an implied agency, for goods purchased by her on his credit, without his knowledge or consent, of one with whom he had no previous dealings, though the goods be of the quality of necessaries.

"A tradesman supplies goods to the wife at his peril when the husband is guilty of no neglect of duty in the premises, and when, consequently, there can be no necessity for her purchasing on his credit at all."

The judgment below is affirmed.