## J. M. HAMILTON, Appellant, v. JAMES McEWEN, Respondent.

Springfield Court of Appeals, June 6, 1910.

1. **HUSBAND AND WIFE: Wife May Bind Husband for Her Necessaries.** As long as a wife is not separated from her husband by her fault, she may pledge his credit for necessaries for her upport, if he fails to supply them himself; but the wife cannot bind the husband for necessaries furnished the wife's parents.

2. ———: ———: **Conflict of Evidence: Questions of Fact: Appeal and Error.** In a suit on an account against a husband for necessaries which plaintiff claimed to have furnished the wife, the evidence was conflicting as to whether plaintiff furnished necessaries to the wife. *Held*, that this was a question of fact and, there being substantial evidence on both sides, the finding of the trial court will not be disturbed by the appellate court.

Appeal from Greene Circuit Court.—*Hon. James T. Neville,* Judge.

AFFIRMED.

*Hamlin & Seawell* for appellant.

*Lydy & Johnson* for respondent.

NIXON, P. J.—This action arose in a justice's court wherein James McEwen was sued on an account amounting to $16.80 for groceries alleged to have been furnished the family of the defendant.    Plaintiff obtained judgment for $12.80 in the justice's court, after a change of venue, but upon appeal to the circuit court, the court, sitting without a jury, heard the evidence and rendered judgment in favor of the defendant.

I.   There are five specifications of error in the motion for a new trial. The first is that the court erred in excluding competent evidence offered by the plaintiff, and the second is that the court erred in admitting incompetent evidence offered by the defendant. After a diligent search through the record we have been unable to find wherein the trial court committed any material error in the admission or exclusion of evidence.

II.   The other assignments are that the judgment is erroneous because against the law, and against the evidence, and because under the law and the evidence, the judgment should have been for the plaintiff.

We have carefully examined the evidence in this record.   It shows that defendant and his family resided at Clinton, Missouri, but that the wife and five children went to Springfield, Missouri, to be with the wife's parents as she was about to be confined.   They remained in Springfield about two months.   The evidence shows that defendant never authorized plaintiff to let the Nelson family (the wife's parents) have groceries, and plaintiff himself testified that he had never seen the defendant.   Defendant's wife stated positively that she never had any dealings with the plaintiff and was never in his store, and she is corroborated by her mother. The wife said that she never agreed to pay the account.   The mother said that neither the defendant nor defendant's wife ever told her to charge the goods to them.   The evidence shows that the defendant did make arrangements with Frank Dickerson to let his family have some goods, and defendant later paid the bill amounting to about eighteen dollars.   Mrs. McEwen stated that on the day they left for Clinton, homeward bound, "we got part of the lunch at the store; we got some cheese at Hamilton's and they (the children) got the cookies some place else.   They said Mr. Hamilton gave them the money, that he did not have the cookies they wanted.   We used part of the cookies in the lunch going home."

The authorities undoubtedly hold that the wife is the irrevocable agent of the husband to pledge his credit for necessaries for her support, if he fails to supply them himself. At least she is such agent so long as she is not separated from him by her fault. [Sauter & Adams v. Scrutchfield, 28 Mo. App. l. c. 156.] Neither condition prevails in this case. It cannot be laid down as law that a husband shall pay for the necessaries furnished the wife's parents, even though they be poor and she has gone to their home for an extended visit with several children and to be confined. Whether the plaintiff furnished necessaries to the wife is a question of fact and its determination adversely to the plaintiff will not be reviewed here when it appears that there was substantial evidence on both sides of the question; that is, a conflict of the evidence exists, and we will not interfere. [Tuck v. Springfield Traction Co., 140 Mo. App. 335, 124 S. W. 1079; Fullerton v. Carpenter, 97 Mo. App. 197, 71 S. W. 98.]

The judgment will be affirmed. All concur.