H. W. MEUSCHKE, Respondent, v. L. M. RILEY, Appellant.

Kansas City Court of Appeals, November 6, 1911.

1. HUSBAND AND WIFE: Necessaries: Notice. If the husband forbids his wife using his credit in the purchase of necessaries for her use, except at two places where he arranges for her obtaining them, and she thereafter makes purchases on his credit at another place where she had not pledged his credit before, the husband is not liable to the latter tradesman, even though he did not know of the husband's directions.

2. ———: ———: ———: Prior Purchases: Cash Payments. A tradesman selling the wife necessaries which were already being furnished by the husband, and who did not know of the husband's published notice that he would not be bound for her purchases, cannot hold the husband liable, although he had previously sold goods to the wife for cash, but never on the husband's credit.

Appeal from Pettis Circuit Court.—*Hon. Charles Hoffman*, Judge.

REVERSED AND REMANDED (*with directions*).

*E. C. White* and *G. W. Barnett* for appellant.

*C. C. Lawson* for respondent.

ELLISON, J.—This is an action on an account for merchandise consisting of women's wearing apparel, such as pieces of silk belt, gloves, ruching, embroidery, hose, ornaments, etc., amounting to $19.36. The verdict was for the defendant; but on motion, a new trial was granted; and an appeal was taken from that order.

Plaintiff is a merchant and the evidence showed that the goods were purchased from him by defendant's wife. It appears that defendant, who is a brakeman on a railway receiving seventy-five dollars per month, was living with his wife, but they had become estranged and he published a notice in a local newspaper that he would not pay any bills contracted in his name except accompanied by his written order. Plaintiff had not seen this notice when he sold the goods to the wife. The evidence showed that plaintiff had sold goods to the wife at times prior to this, but never on the credit of defendant, and that he did not know defendant. It was shown by plaintiff in his testimony that a month or more after the goods were bought and plaintiff was seeking to. collect of defendant, the latter told him he had advertised for persons not to sell to her, but after talking a while he promised him he would pay for them. This was denied by defendant.

There was further, undisputed, evidence that defendant's family consisted of his wife and child; that he provided them with necessaries, with all they needed to eat and wear, and that he had a standing arrangement with one or two merchants of his city to provide for them all his wife might ask for, including small amounts of money. They did so, and defendant paid the bills. But at no time did he au-

thorize her to buy of plaintiff, nor had she ever offered her husband's credit to plaintiff before.

On the whole evidence, we conclude that no case was made for the plaintiff. Otherwise we must hold that the husband cannot control where his wife shall purchase goods, whether necessaries or not, except he brings knowledge of notice home to everybody, and that is hardly possible. We discussed the general principles involved in this case in that of Sauter v. Schutchfield, 28 Mo. App. 150, and find those principles should control our judgment now. They are in accord with the authorities hereinafter cited.

At the times these articles were purchased defendant's wife was not, in fact, his agent to buy of plaintiff, for he had withdrawn her implied agency and her right to bind him except with two merchants. It is true plaintiff did not know of the published notice of withdrawal, and that might be of importance if the wife had ever dealt with him on defendant's credit before this. We have seen that the evidence shows she had not. If the articles had been shown to be necessaries which the defendant did not furnish, a different question would arise. But in this case, as we have already said, the defendant made every provision for his wife's supplies.

So we say, that where a merchant has had no previous dealings with the wife on the credit of the husband and recognized by him, and the husband has, in fact, forbidden purchases on his credit except at a place which he has designated, the merchant cannot hold the husband liable, even though the articles may be necessaries. [Schouler on Husband and Wife, sec. 107; Clark v. Cox, 32 Mich. 204; Baker v. Carter, 83 Maine, 132.] Although there is no *presumption* of her authority to bind him, yet the wife may pledge the husband's credit for necessaries where he fails to supply them himself. [Hamilton v. McEwen, 144 Mo. App. 542.]

The cases of Jolly v. Rees (33 L. J. C. P. 177; same case, 15 C. B. [N. S.] 628), and Debenham v. Mellon (5 Q. B. Div. 394), in some respects present facts like those in this case and the principle announced in them controls our judgment. The latter case was taken to the House of Lords, and is found reported in 6 Appeal Cases, 24. The separate and careful consideration the question received in these cases make them especially interesting on the important propositions here involved.

Conceding there was any evidence of ratification, it was disputed and found for defendant by the jury.

The order for new trial is reversed and the cause remanded with directions to reinstate the verdict and enter judgment thereon for the defendant. All concur.