In re WEBER'S ESTATE.

MONTEROSSO *v.* SCHULTE.

1. EXECUTORS AND ADMINISTRATORS—PRESUMPTION THAT SERVICES WERE GRATUITOUS MAY BE REBUTTED.

Presumption that, because of relation of parties, services rendered to deceased by plaintiff were gratuitous, may be rebutted by facts and circumstances attending performance of services.

2. SAME—EXTENT AND CHARACTER OF SERVICES IMPORTANT.

Extent and character of services and circumstances under which they were rendered are important in determining whether services were gratuitous.

3. SAME—THAT PARTIES WERE NOT MEMBERS OF SAME HOUSEHOLD WEAKENS PRESUMPTION THAT SERVICES WERE GRATUITOUS.

That parties were not members of same household weakens presumption that, because of relation of parties, services rendered were gratuitous, and gives support to other evidence tending to overcome presumption.

4. SAME—NECESSARIES—PROMISE IMPLIED BY LAW—LOCO PARENTIS.

Where services rendered to incompetent person by plaintiff were at instance or order of attending physician, were extraordinary and arduous, and were rendered in plaintiff's own home to one able to pay, plaintiff is entitled to recover therefor, as for necessaries furnished on promise implied by law, although furnished to one who stood in *loco parentis* to her.

Error to Wayne; Moll (Lester S.), J. Submitted June 9, 1931. (Docket No. 10, Calendar No. 35,494.) Decided December 8, 1931. Rehearing denied March 3, 1932.

Leona Monterosso presented her claim against the estate of Caroline Weber, deceased, for nursing and care. Upon allowance by commissioners on

claims, Joseph A. Schulte, administrator, appealed to the circuit court. Verdict and judgment for plaintiff. Defendant brings error. Affirmed.

*John C. Winter,* for plaintiff.

*Felix A. Doetsch,* for defendant.

CLARK, J. The claim of plaintiff, Leona Monterosso, against the estate of Caroline Weber, who died in 1929, was allowed by commissioners on claims in the sum of $705, and, on appeal, the jury added interest and returned verdict for $780.75, on which judgment was entered. The administrator has appealed.

The claim is simply for nursing and care, 47 weeks at $15 per week, over a period ending in July, 1927.

Plaintiff was reared by deceased, a great aunt, and lived in her home from early infancy until her marriage in 1918, and, with her husband and later her children, continued to live with deceased until 1925, when she and her husband and children removed to a home of their own. In 1926, deceased was very ill, unconscious, and in need of care, and, at the suggestion or order of a physician, was taken to plaintiff's home. The uncontradicted testimony of the attending physician is that during the period of time covered by the claim deceased was mentally incompetent. Caroline Weber owned considerable property. Plaintiff, wife of a working man, did her own housework, it seems, and cared for her children. She herself nursed Miss Weber, getting such assistance as she needed in that regard from women of the neighborhood.

No error is assigned on the instruction of the court that Caroline Weber, deceased, stood in *loco parentis* to the plaintiff. No point is made that

Caroline Weber, unconscious when taken to plaintiff's home and mentally incompetent during the whole period, could not make an agreement in fact to pay plaintiff. *Heller Aller Co.* v. *Ries,* 164 Mich. 501.

As might be expected from what has been said, there is no evidence of any word uttered or statement made by deceased or by anyone relative to promise, express or implied, to pay for the services. The trial of the claim was not on the theory of recovery for care and nursing as necessaries furnished, a contract implied by law, but on the theory of a contract by and between plaintiff and deceased, a contract implied in fact.

We quote from the charge:

"If the facts and circumstances showing the performance of the work and in its acceptance are sufficient to rebut the presumption that the services were gratuitous and to authorize the inference that both parties acted under the understanding that they were to be paid for, the parent or one standing in *'loco parentis'* is liable."

The case ought not to have gone to the jury on the theory of a contract in fact or on the theory, express or implied, of a meeting of minds, when Caroline Weber had no mind, was mentally incompetent to contract, but no error is assigned on this feature of the case.

The nursing and care furnished were necessaries, beyond doubt. The reasonableness of the claim allowed is not questioned.

Appellant's question is:

"Where plaintiff presented a claim against the estate of a deceased person for services alleged to have been rendered deceased in her lifetime, and the trial court charged the jury as a matter of law, from

the testimony, that the relation of parent and child existed between plaintiff and the deceased, and that therefore the services were presumed to be gratuitous, and where there were no facts or circumstances to rebut this presumption, should not the court have granted defendant administrator's motion for a directed verdict in favor of the estate?''

Conceding, on this record, that, because of the relation of the persons, the presumption is that the services were rendered gratuitously (*Harris* v. *Smith,* 79 Mich. 54 [6 L. R. A. 702]), such presumption may be rebutted by facts and circumstances attending the performance of the services. *In re Abel's Estate,* 173 Mich. 93.

Naturally, there is not and could not be evidence (common to these cases against estates of deceased persons) of statements or declarations against interest by the deceased, here mentally incompetent.

The extent and character of the services and the circumstances under which they were rendered are important in determining whether the services were gratuitous. *In re Hoffman's Estate,* 200 Mich. 464. The services here were extraordinary and arduous. They were rendered at the instance or order of the attending physician. The persons were not members of the same household, which fact alone weakens the presumption of gratuity and gives support to other evidence tending to overcome the presumption. *In re Knox's Estate,* 220 Mich. 469. And it may be noted that plaintiff, wife of a working man, rendered these services in her own home, in addition to her other numerous cares, to one who was able to pay. *Sanders* v. *Rutland,* 1 McCord (S. Car. Law), 143.

The record justifies the finding of the jury.

Plaintiff, therefore, was entitled to recover for the services rendered the incompetent person as for

necessaries. furnished on promise implied by law, although deceased, on this record, stood in *loco parentis* to plaintiff. *Reando* v. *Misplay*, 90 Mo. 251 (2 S. W. 405, 59 Am. Rep. 13) ; *Fruitt* v. *Anderson*, 12 Ill. App. 421.

As against error assigned, plaintiff is entitled to judgment.

We find no reversible error.

Affirmed.

Butzel, C. J., and Wiest, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.