134 So.2d 205

Arthur E. FRAZIER

v.

Laurice M. FRAZIER.

3 Div. 921.

Supreme Court of Alabama.

Nov. 2, 1961.

54

Sid C. Stuckey, Jr., and Hill, Hill, Whiting & Harris, Montgomery, for appellant..

Pilcher, Wright, Long & Booth, Montgomery, for appellee.

SIMPSON, Justice.

Appeal from a final decree of the Circuit Court of Montgomery County, In Equity, wherein appellee was granted a divorce, a vinculo, from appellant on the ground of cruelty. The decree also awarded the custody to appellee of the two minor children. Appellant was allowed the privilege of visitation to the children at reasonable times at the residence of appellee, but always in the presence of appellee or some other person named by her.

The decree also awarded appellee permanent alimony in gross, viz.: The homestead; all household furnishings, etc., located in said home; a certain 1953 Buick automobile; a burial lot in Greenwood Cemetery; a sum of $50.82, to be paid to appellee for deposit to the credit of the two children; a sum of $1,021.82 to be paid appellee as reimbursement to appellee for a joint interest in a joint savings account previously maintained by the parties, but withdrawn by appellant; a certain amount of debts and accounts owed by appellee was ordered to be paid by appellant; appellant was ordered to pay to appellee the sum of $22.50 per week for the support and maintenance of the minor children and appellant was ordered to pay a reasonable attorneys' fee for appellee's counsel and was taxed with the costs. Appellant's cross bill praying for a decree of divorce from appellee on the ground of adultery was dismissed.

The assignments of error challenge the correctness of the foregoing rulings.

We recognize the long standing rule of presumption in favor of the correctness of the trial court's findings in such a case, where the evidence is taken in the presence of the court. King v. King, 269 Ala. 468, 114 So.2d 145; Ryan v. Ryan, 267 Ala. 677, 104 So.2d 700. In view of this rule of review, we cannot say from the evidence on the question of cruelty that the trial court's finding in this regard was plainly and palpably wrong, and, therefore, affirm the ruling granting appellee the divorce on the stated ground.

The appellant sought in his cross bill a divorce from appellee on the ground of adultery. The charge of adultery may be proved by circumstantial evidence, but the circumstances must be such as would lead the guarded discretion of a reasonable and just man to conclude that the act of adultery has been committed. Bryan v. Bryan, 271 Ala. 625, 126 So.2d 484. The acts of appellee are wholly insufficient to prove the charge. We are of the opinion that the finding of the trial court that no credible evidence was offered supporting the alleged adultery was correct and not palpably wrong, and affirm the ruling in that regard.

It is a well settled rule in this state that in determining who should have the custody of children, the best interests and the welfare of the child or children

should be the controlling and paramount interest. A careful consideration of the record persuades us that the welfare and best interests of the minors involved will be subserved in permitting their custody and control to remain in their mother, as was decreed by the trial court, and we affirm that ruling, also.

■ There is no objection to making an allowance of alimony in gross. Under the statute, Title 34, § 31, Code 1940, the allowance to the wife may be made in gross, payable presently or in the future, or may be payable in installments, or it may be a combination of both methods. Roubicek v. Roubicek, 246 Ala. 442, 21 So.2d 244. When permanent alimony is awarded in gross, the amount thereof, usually, varies from one half of the husband's estate to one-third or less. Phillips v. Phillips, 221 Ala. 455, 129 So. 3.

■ In determining the amount of permanent alimony there is no fixed rule since each case must be decided upon its own relevant facts in the light of what is fair and reasonable. Steiner v. Steiner, 254 Ala. 260, 48 So.2d 184. It is proper to consider the wife's income or other means of support; the joint labor and capacity for work of the husband and wife; their joint income; sources from which the common property came; whether there are children to support; the nature, extent and clearness of proof of the husband's delictum; the ability of each to earn money; the husband's condition in life, health, and needs; and the ages of the parties. Pope v. Pope, 268 Ala. 513, 109 So.2d 521; Wood v. Wood, 263 Ala. 384, 82 So.2d 556.

■ Appellant lays stress upon the inequality of the division of the property between the parties and in decreeing to the appellee a substantial portion of appellant's property as alimony in gross. This argument is based upon certain facts adduced on his application for rehearing. The trial court, however, overruled this application for rehearing and of consequence these facts are not subject to consideration as basis for error on the part of the trial court in rendering the original decree. In order for appellant to be benefited by such facts they should have been presented in the main case. Whitman v. Whitman, 253 Ala. 643, 42 So.2d 422; Rudolph v. Rudolph, 251 Ala. 317, 36 So.2d 902.

Nevertheless, we do perceive error in the original decree with reference to the award of alimony.

■ Appellant was ordered by the court to pay appellee as part of the award of permanent alimony in gross the sum of $1,021.82, as one-half interest in a joint savings account at the Capitol Heights Branch of the Union Bank & Trust Company. This account was opened on April 11, 1957 in their joint names. Appellant closed the account on March 11, 1959, and withdrew the sum of $2,043.65. Appellee has been employed for approximately the last four years at a weekly salary of $65. The earnings of the wife are her separate property. Title 34, § 66, Code 1940. The preponderance of the evidence persuades us that appellant was the only party who made the deposits to the account. Appellee stated that she never personally deposited any sum to the savings account. The only evidence presented by appellee is that whatever appellant deposited was partially hers. Appellee did not even know the amount of the account, the amounts, dates, or frequency of the deposits alleged to have been made by appellant with money which she claims was partially hers. In our view the court erred in decreeing her any interest in such account and the decree will be reversed accordingly.

■ Appellee purchased in her own name wearing apparel and personal miscellaneous items for herself in the amount of $272.10 from the following local businesses: Lerner's, $143.53; Emily's, $23.24; and the Montgomery Fair, $105.33. The court in its final decree ordered appellant to pay these bills assuming that they were necessaries for which appellant was liable.

58

In the light of the authorities this ruling cannot be sustained. Appellee purchased these goods ·on her own account, on her own contract and no credit was extended to appellant, nor was there any express or implied assent on his part to pay for these goods purchased by his wife.

The apposite principle is stated in Gafford v. Dunham, 111 Ala. 551, 553, 20 So. 346, 347:

> "The common-law liability of the husband for necessaries and suitable comforts has always rested upon the assumption that credit was given to the husband, and not to the wife, and that the purchase was made with his implied assent. In no case did this liability arise when the facts showed affirmatively that credit was given to the wife, and charged to her, and not to the husband, and the goods were sold not upon his implied assent that they were to be charged to him."

Also, "the fact that the charge was to her, shows, prima facie at least, that the credit was given to her." Pearson v. Darrington, 32 Ala. 227, 243. See McMillan v. Fabretta, 231 Ala. 188, 163 So. 793; O'Connor v. Chamberlain, 59 Ala. 431, 436. In fact, there is no evidence to the contrary and, in our view, the learned trial court erred in decreeing that these debts incurred by appellee be paid by the appellant. This phase of the decree will also be reversed and a decree here rendered accordingly.

 Solicitors for appellee are entitled to a reasonable fee for their services commensurate with their labor and skill, the results of the litigation, and the earning capacity of the parties. The allowance is in the sound judicial discretion of the court which we are not willing to say was abused by the trial court in the award of $250. Ryan v. Ryan, supra; Taylor v. Taylor, 251 Ala. 374, 37 So.2d 645. Appellee's application for an allowance for solicitors' fees for representing her in this court is also granted, and $100 appears reasonable. So ordered.

Affirmed in part, modified in part, and in part reversed and rendered.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.