320 So.2d 684

**Felton W. HENDRIX**

**v.**

**Dorothy Dale HENDRIX.**

**Civ. 524.**

Court of Civil Appeals of Alabama.

July 30, 1975.

Rehearing Denied Aug. 27, 1975.

Robert Straub, Decatur, for appellant.

Camp, Williams & Spurrier, Huntsville, for appellee.

HOLMES, Judge.

This is a divorce case.

The issues are whether the trial court erred in its division of the property of the parties and/or its award of alimony in gross; and whether the trial court based its decree on conjecture or speculation.

There is evidence in the record to support the following pertinent facts.

The parties were married for over thirty years and raised two children who are now adults. The appellant-husband is approximately fifty-five years of age and the appellee-wife is fifty years of age. Neither party has any unusual physical impairment. The husband is a self-employed farmer, but has worked at other employment through the marriage years. The wife is employed and presently earns approximately $90 per week before normal deductions. Additionally, the wife has rental income of $50 per month and a separate estate acquired by inheritance of $14,000 (which property was properly, in this instance, not considered by the court in its award). Furthermore, the wife has helped on the farm or worked in private employment the majority of the marriage.

The parties during marriage acquired assets consisting of the following:

A 120-acre farm and home located thereon. An appraiser appointed by the court placed the value of the farm, home, and other buildings thereon at $64,950. There is no mortgage or other incumbrances on this real estate. Additionally, there was testimony that there was livestock and farm equipment worth approximately $20,000. There were additional assets of stock, stock certificates, cash, and accounts receivable of $39,000. Again, there were no incumbrances on any of the listed assets.

The only direct testimony as to the husband's income was the introdction of his tax returns for several years. These docu-

ments showed his taxable income ranged from less than $200 a year to over $5,000.

The trial court, having heard the evidence *ore tenus*, issued a detailed final decree. The trial judge specially found that through the joint efforts of both parties the aforementioned estate had been accumulated and that an equitable division of that estate had to be made. The trial court furthermore found that the principal fault for the breakdown of the marriage lay with the husband (this is not an issue in this appeal) and the wife was entitled to a division of property and alimony as directed.

The effect of the trial court's decree was to award the home, farm, crops, farm machinery, and livestock to the husband.

The wife was awarded stock of a value of $28,500. In addition, the husband was ordered to pay $32,500 to the wife as a further property division and/or alimony in gross (the decree is unclear as to specifically how this amount should be classified). In the alternative, the husband, in lieu of the $32,500 to be paid over a three year period, was given an option of paying $27,500 within approximately one year after the decree.

As noted earlier, the husband's able counsel argues the trial court abused its discretion in its award.

While the arguments of counsel are persuasive, we cannot reverse, even though the trial court's action might not coincide with what this court would have done.

■ We note at the outset the law in Alabama that where the evidence in a divorce case is heard *ore tenus* by the trial court its findings are presumed correct and will not be overturned without a showing of an abuse of discretion, and this rule has particular application as regards an award of alimony. *Chancellor v. Chancellor,* 52 Ala.App. 10, 288 So.2d 794.

In this case we cannot determine whether the award to the wife is an award of alimony in gross or a property division, but under the authority of *Eubanks v. Eubanks,* 52 Ala.App. 224, 291 So.2d 159, we are not required to make such a determination.

■ In either event the award must depend upon the facts and no mathematical formula can determine what is an appropriate award. However, certain cases indicate that an allowance to the wife of from one-third to one-half of the husband's estate can be sustained, depending upon the circumstances. See *Watson v. Watson,* 45 Ala.App. 306, 229 So.2d 807; *Frazier v. Frazier,* 273 Ala. 53, 134 So.2d 205; *Phillips v. Phillips,* 221 Ala. 455, 129 So. 3.

■ Acceptable criteria for the trial court to consider in a determination of an award to the wife are, (1) the earning *ability* of the parties; (2) their future prospects; (3) their age, sex, health and station in life; (4) the duration of the marriage; and (5) the conduct of the parties as relates to the cause of divorce. *Davis v. Davis,* 274 Ala. 277, 147 So.2d 828.

In this instance, as seen from the above, the husband is a fifty-five year old, able bodied man, married over thirty years to the appellee-wife, whose actions as found by the trial judge and supported by some evidence, caused the marriage breakdown. Presumably the trial court, in considering these factors, awarded the wife approximately $60,000 to be paid as indicated above, out of a total estate of some $123,000.

■ We find no such abuse of discretion to require reversal.

The final argument for reversal is bottomed on the following language found in the trial court's decree:

"A division of the real and personal property, and payment of alimony are

hereinafter provided, however, the Court is of the opinion it may well be possible that additional property or money may be in the hands of the parties, particularly the defendant, of which the Court is not aware. In this case it has been extremely difficult to obtain an exact accounting of the real and personal property of the parties. This difficulty is due in part to the variations of personal property owned by the parties, the variations of their investments, and also, in the judgment of the Court, due somewhat to the lack of cooperation of the defendant."

Appellant argues that the above language shows that the trial court based its decision on speculation or conjecture. We do not agree. We do not consider the above language to so indicate as the appellant argues. We consider the language only as comment by the trial judge. But more importantly, as seen from the above, the actual award made by the trial court can be supported by the evidence so as not to require reversal.

All properly argued assignments of error having been considered, the case is due to be affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.