329 So.2d 96
**Morris Wayne McCLENDON**

**v.**

**Judy Ann McCLENDON.**

**Civ. 656.**

Court of Civil Appeals of Alabama.

Feb. 4, 1976.

Rehearing Denied March 3, 1976.

Burns, Shumaker & Davis, Gadsden, for appellant.

James F. Hinton, Gadsden, for appellee.

WRIGHT, Presiding Judge.

Appellant, the father, appeals from a decree increasing child support and ordering him to pay past-due support payments. We affirm.

The parties were divorced in 1967. The court awarded custody of their two children to the mother and ordered the father to pay $32.50 bi-weekly for their support. The father fell behind in these payments, causing contempt proceedings by the mother. As a result of that action the parties agreed that support payments would be increased to $35.00 per week and the father would pay certain debts of the mother. In exchange for these payments the mother agreed that the father would not be held in contempt for the past-due payments. This agreement was incorporated into a decree of the court, dated December 13, 1974.

On June 17, 1975, the mother filed a petition, seeking to collect all past-due payments and modification increasing future support payments. In its decree the court ordered the father to pay $3,998.64 as payments in arrears and increased child support payments to $100.00 per week. The arrearage award credited the father with the amount paid under the 1974 decree.

The record discloses that the mother is employed by a motel at a rate of $2.10 per hour. She and the two children have been living with her parents, but will have to move in the near future.

The father is a salesman and manager of a group of salesmen with a firm engaged in selling cookware. He earns a commission on his sales and a percentage on the sales of others. In 1974, his gross income from this activity was over $45,000.00. After large deductions for automobile expenses, entertainment, cost of depreciation and maintenance on an airplane, and other business expenses, his adjusted gross income was $17,810.38.

The father first asserts as error the trial court's finding that he was in arrears in child support payments, contending that the agreement between the parties and the decree of 1974 settled all claims as to such arrears. Basically, he argues that there was an accord and satisfaction.

Following is paragraph 2 of the agreement preceding the December 13, 1974 decree:

"2. The Defendant acknowledges that he is in contempt of Court for failure to pay support and agrees that in order to prevent punishment for said contempt, agrees to make 9 loan payments of $68.-92 each, due from the Plaintiff to the East Gadsden Bank, first payment to be due and payable in November, 1974, and ending in July, 1975, totaling $620.28. In the event the Defendant makes said payments and pays said support when due, then he shall not be punished for said contempt."

In its decree effectuating the agreement the court similarly provided that the father could purge himself of contempt by repaying the bank loan.

Nowhere, either in the agreement or the decree, is there anything to indicate that the sum of $620.28 was accepted as full settlement of claims for past due support totaling over $4,000.00. The agreement and decree merely allow the father to

avoid a contempt citation by making the payments. They do not purport to settle his obligation on the balance of the arrearage. The court heard the evidence as to the agreement of the parties. There is evidence to support its finding that there had been no accord and satisfaction. This court is bound to affirm on appeal a decree of a trial court after hearing ore tenus if such decree is supported by legal evidence and is not palpably wrong and unjust. *Hendrix v. Hendrix,* 56 Ala.App. 178, 320 So.2d 684.

We do not comment on the power of a court to approve such a settlement of past-due child support obligations. This case does not require a ruling on this issue.

The father contends that the mother has "failed to meet her burden of proving such changed financial conditions as to warrant such a tremendous increase in child support." However, as this court recently said in *Womble v. Womble,* 56 Ala.App. 318, 321 So.2d 660:

> "The conditions and circumstances of the parties, though pertinent, are not the controlling criteria in determining the changed needs of the children. It is the material change in the needs, conditions and circumstances of the children that is the most pertinent factor in considering modification of a decree of support. That factor coupled with the father's financial ability to meet such needs determines the basis for modification. *Skipper v. Skipper,* 280 Ala. 506, 195 So.2d 797."

The record indicates that the father earns a sufficient income after expenses, and operating cost and depreciation of an airplane, to make payments of $100.00 per week for support of his children. The trial court could take judicial knowledge that the advancing ages of the children and effects of inflation have increased the cost of feeding, clothing and furnishing the needs of growing children, so that $35.00 per week was inadequate. *Womble v. Womble, supra.* These factors, together with the estimates introduced by the mother regarding the cost of raising the children, provided ample evidence of changed circumstances for the court to modify support payments.

Appellee's motion for attorney's fees on appeal is granted in the sum of $250.00.

There being no error, the decree of the court below is due to be affirmed.

Affirmed.

BRADLEY and HOLMES, JJ., concur.