327 So.2d 724

Thelma S. WILSON

v.

John Thomas WILSON.

Civ. 662.

Court of Civil Appeals of Alabama.

Feb. 18, 1976.

Thomas S. Melton, Opelika, for appellant.

Phillips & Funderburk, Phenix City, for appellee.

HOLMES, Judge.

This is a divorce case.

The only issue presented for our review is whether the trial court abused its discretion in the award of alimony in gross to the wife.

The tendencies of the evidence reveal that the parties were married in 1965. They separated for the final time in April of 1974, and the divorce was granted in July of 1975. No children were born of the marriage. The plaintiff-wife filed for divorce. The divorce was granted. She had been married several times prior to her marriage to defendant.

Prior to their marriage, the parties obtained a license to sell real estate. They both worked at this occupation with a real estate company from 1965 to 1971. The wife sold two houses during this time. However, the wife testified she assisted the husband in his real estate endeavors.

In 1971, the parties established their own real estate company. Profits from this endeavor were paid to each party. This business was started on capital provided by the husband and was conducted from a house owned by the husband for over twenty years. There was testimony that the present value of this business is zero.

One view of the evidence is that the real estate commissions for the year 1973 were approximately $12,000. One house was sold in 1974 prior to the separation and the parties' income for 1974 was approximately $4,000. There was evidence that during the first five months of 1975, at other employment while separated from the husband, the wife earned approximately $4,000.

During the marriage, the parties acquired two pieces of property of approximately the same value, to wit, $3,000 each. Additionally, the husband is a partner in a family venture. This venture has been in existence since 1947 and consists of real estate holdings. There is some evidence that his interest in this venture is over $500,000. The income from the above is not readily apparent.

While the parties were separated in 1973, there is evidence that the wife withdrew $6,000 from a joint business checking account and, additionally, during 1973, the wife withdrew $2,100 from the business account. The $6,000 was intact at the time of the hearing. There was further testimony that approximately $30,000 was in bank accounts of the parties prior to the final separation and $20,000 in savings. The husband testified that the wife only contributed $300 of the $30,000 and that the savings were all accumulated from the aforementioned family business. However, it appears that some of the savings were accumulated during marriage.

The learned trial court awarded the wife as alimony in gross $6,000 and one of the parcels of property acquired during the

parties' marriage. This property provided approximately $50 a month income. Additionally, the wife was awarded certain personal property.

From the above, it can be seen that the parties, during their marriage, acquired over $35,000 in various bank accounts and savings of approximately $20,000. Additionally, two parcels of land with a value of approximately $3,000 a parcel were acquired. Furthermore, there was some evidence that the husband had an interest in a family business. His interest in these assets apparently exceeded $500,000; these assets being acquired prior to the marriage and the income from which we cannot determine from the record.

As this court has stated on numerous occasions in discussing an award of alimony, each case must depend upon the facts and no mathematical formula can determine which is an appropriate award. See *Self v. Self,* 49 Ala.App. 665, 275 So. 2d 345; *Eubanks v. Eubanks,* 52 Ala.App. 224, 291 So.2d 159. However, alimony in gross, as was awarded in this instance, is intended as a final termination of rights resulting from the marriage, not only as to the wife's inchoate rights in the husband's estate, but also to any future support from him. *Gamble v. Gamble,* 53 Ala.App. 168, 298 So.2d 254, cert. denied 292 Ala. 721, 298 So.2d 260.

We are further mindful that in determining the amount of divorced wife's permanent alimony, it is proper to consider wife's income or other means of support; joint labor and capacity for work of husband and wife; their joint income; sources from which the common property came; whether their children need support; the nature, extent and clearness of proof of husband's dereliction; ability of each to earn money; husband's condition in life, health, and needs; and ages of the parties. *Frazier v. Frazier,* 273 Ala. 53, 134 So.2d 205.

It appears the learned trial judge did not place emphasis on that portion of the husband's estate acquired prior to the marriage. Considering all the circumstances of this case, keeping in mind the considerations as enumerated in *Frazier, supra,* we find the trial court's apparent action in this regard to be within his discretion. However, there remains an estate, as revealed by the record, of a value of over $60,000 of which the learned trial court awarded some $9,000 to the wife. We find this to be an abuse of discretion, in view of all the facts as shown by the record.

This court considers that an additional award of $7,000 to the wife would be appropriate.

The case is affirmed as to that portion of the decree granting the divorce. The award of alimony in gross is reversed and the case is remanded for the entry of a judgment not inconsistent with this opinion.

Affirmed in part; reversed in part; and remanded.

WRIGHT, P. J., and BRADLEY, J., concur.