BRADLEY, Judge.
The parties to this proceeding were divorced by a final decree of the Circuit Court of Calhoun County on October 10, 1975. Along with the divorce, the appellant-wife was awarded alimony in gross consisting of the marital home and two acres of land contiguous thereto valued between $10,000 and $20,000, a 1966 Chevrolet automobile, and $21,000 in cash. Appellant contends on appeal that the award is insufficient.
The evidence shows that the parties were married for forty-two years; the husband is now sixty-seven, the wife sixty-three. The husband’s principal occupation during the marriage was farming the two hundred acres the couple owned. It was shown that the wife assisted in nearly every area of this undertaking. She testified that she not only took care of the house, cooked the meals, and raised one child, but worked in the fields to help her husband.
After the award of alimony in gross, the appellee-husband was left with one hundred ninety-eight acres of land, most of which is cultivatable; some farm buildings; several pieces of farm machinery; about $23,000 out of some $42,000 in savings the parties had accumulated over the years, mainly from the farming operation; a 1974 Chevrolet pickup truck; and some cows and hogs.
Appellant testified that the only source of income she has now is $70.70 per month from Social Security. She cares for her eighty-six year old father who receives an additional $115 per month from Social Security. Appellant’s health at the present time is failing and she requires constant medication.
Appellee receives $187 a month from Social Security and is paid $1,200 annually for part-time work at the U. S. Department of Agriculture.
The evidence shows that the only living child of the marriage, a son, lives about two miles from the marital home on a parcel of land given to him by his parents. The son now does most of the farming and also looks after the cows and hogs for his father.
When the hearing by the trial court is ore tenus, the presumption is in favor of the correctness of the decree, and this court will not reverse except where that decree is deemed plainly and palpably erroneous. Hicks v. Hicks, 52 Ala.App. 586, 296 So.2d 180 (1974). Also, when the trial court decrees alimony in gross, it has been held that an acceptable range for the award runs from one-half to one-third or less of the husband’s estate, Frazier v. Frazier, 273 Ala. 53, 134 So.2d 205 (1961). Each case must stand on its own facts and no exact mathematical formula can be applied. Hicks v. Hicks, supra.
In the case at bar, the court made an alimony in gross award in favor of the wife. The amount of the award ranged from thirty-three percent to forty percent of the husband’s estate. Both of the parties are in their sixties and rely primarily on Social Security for the payment of living expenses. The savings account of $42,000 was divided almost equally between the two. The wife received the house, all of its furnishings and two acres of land, plus an automobile. The husband received the other one hundred ninety-eight acres, which was mostly cultivatable, some farm equipment, barns, a pickup truck and some livestock. He testified that he had given most of the machinery to his son who was doing most of the farming. Although appellee does earn a small income from part-time employment, due to his age it is not likely that this income will continue for many more years in the future.
After considering the evidence as above set out, we cannot say that the amount of the alimony awarded to appellant was so inadequate as to be an abuse of the trial court’s discretion; consequently we affirm the trial court’s decree.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.