This is an appeal by a husband from the property division and alimony provisions of a divorce decree. The issue is whether the award to the wife was excessive and an abuse of discretion. We affirm.
The parties are in their late fifties and have been married some eight years. The husband has been retired from operating his own business since before the marriage. He owns mortgages with a principal value of more than $200,000. They carry eight percent interest and were purchased at a 20% discount. He has savings certificates in the amount of $40,000. His taxable income amounts to some $24,000 per year. He has a V.A. pension of $65 per month. He reinvests the principal paid on the mortgages. He and his wife jointly own a residence in Mobile valued at $20,000 with a $7,000 mortgage against it and a residence at Dauphin Island valued at $32,000 with no encumbrance. He owns a boat and two automobiles and has a country club membership.
The wife has no estate nor source of income. She has an adult daughter residing with them. Her health is not good and she has no skill.
After oral hearing, the court awarded to the wife the following: title to the residence in Mobile subject to the mortgage, an automobile, the country club membership, $27,500 alimony in gross and $550 per month periodic alimony with household furniture. The husband retained over $200,000 in mortgages, received full title to the Dauphin Island property, the boat, one automobile, income of $24,000 per year, his pension and some $13,000 in savings.
After payment of the award to the wife, including $3,500 in attorney fees, the husband retains assets of a net value substantially in excess of a quarter million dollars. The wife receives assets of an approximate net value of $41,500 plus a $550 monthly income.
The award of alimony and the division of property upon a divorce are matters within the discretion of the court with each case being considered on its own facts. Segars v. Segars,334 So.2d 684 (Ala.Civ.App. 1976). The discretion is exercised in light of various factors among which may be the earning ability of the parties, future *Page 384 
prospects, age, health, duration of the marriage, accustomed standard of living, source, value and type of property and conduct of the parties in relation to the marriage. Hendrix v.Hendrix, 56 Ala. App. 178, 320 So.2d 684 cert. denied, 294 Ala. 758, 320 So.2d 687 (1975). An award entered after oral hearing of the evidence is accompanied by a presumption of correctness when considered on appeal and will be set aside only for a gross abuse of discretion. Metcalf v. Metcalf, 340 So.2d 38
(Ala.Civ.App. 1976). We are unable to say the award in this case constitutes such an abuse.
The contention of the husband that the alimony statutes are violative of the equal protection clause of the U.S. Constitution has been previously answered to the contrary by this court. Orr v. Orr, 351 So.2d 904 (Ala.Civ.App.), cert.denied, 351 So.2d 906 (Ala. 1977).
The wife has petitioned this court for an award of a reasonable attorney fee for defending this appeal. She is hereby granted $500.00 for the use of her attorney on appeal.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.