This is a divorce case.
Samuel Hobert Williams and Frances Louise Williams were married in Lauderdale County, Alabama in September 1947 and have resided on a farm near Lexington, Alabama since 1961. The couple took title to the twenty acres on which they established their home as joint tenants in November 1960. Mrs. Williams furnished virtually all of the money used to purchase the property. A three bedroom house and a barn were subsequently erected thereon. In addition, Mr. Williams purchased a new Mercury Marquis for his wife and maintained a modest checking account at a Florence, Alabama bank. Aside from other numerous items of personalty acquired by the parties during their marriage, Mr. and Mrs. Williams possessed no other substantial assets. Mrs. Williams was employed at various times as a bookkeeper, bank teller, or secretary, performing general office work from 1947 until 1959. From 1959 to the date of the present appeal, appellant has devoted her energies to housekeeping. Mr. Williams has been employed for the last *Page 142 
sixteen years as the business manager and financial secretary of the International Union of Operating Engineers, Local 320. Although Mr. Williams' gross earnings in 1979 amounted to $31,979, his net earnings did not exceed approximately $23,000. Neither husband nor wife is in perfect health; the wife suffers from high blood pressure and arthritis in her neck and the husband from an operation for a ruptured disc, diverticulitis and prostate trouble.
The husband filed suit for divorce on the ground of incompatibility of temperament. The wife answered and counterclaimed for a divorce on the grounds of incompatibility, cruelty and adultery. After a hearing, the trial court divorced the parties for incompatibility of temperament, made a property settlement by dividing the various items of personalty between them, ordered the sale of the twenty acres of land owned by the parties, fifty-five percent of the proceeds going to the wife and the remaining forty-five percent to the husband, and awarded the wife $400 per month as periodic alimony. On motion for new trial the court modified the periodic alimony award by increasing it to $500 per month. The wife appeals from the judgment on the merits and the order denying the motion for new trial. The dispositive issue on this appeal is the wife's contention that the periodic alimony award is inadequate.
The award of alimony and the division of property by a trial court are matters within its discretion with each case being decided on its own facts. Segars v. Segars, Ala.Civ.App.,334 So.2d 684 (1976). In exercising the discretion reposed in it, the trial court should consider such factors as the earning ability of the parties, future prospects, age, health, duration of the marriage, standard of living, value and type of property, and the conduct of the parties. Hendrix v. Hendrix,56 Ala. App. 178, 320 So.2d 684, cert. denied, 294 Ala. 758,320 So.2d 687 (1975).
In divorce cases the division of property and award of alimony made by a trial court after an oral hearing are presumed correct and will not be revised except for a gross abuse of discretion. Kabaci v. Kabaci, Ala.Civ.App.,373 So.2d 1144 (1979).
The evidence shows that the parties were married for thirty-two years, some of which were stormy ones. The wife worked for the first nine years of the marriage as a bookkeeper, bank teller or general secretary. She has high blood pressure and a touch of arthritis in her neck. The husband is troubled by a ruptured disc, diverticulitis and prostate trouble. The husband's employment depends on election every three years. His gross earnings are in the low $30,000 range. It could be said, based on the evidence, that both parties contributed to the breakup of the marriage. The personal property was divided equitably between the parties and their only major asset, the jointly owned twenty acres with house and barn, valued between $65,000 and $95,000, was to be sold with fifty-five percent of the proceeds to be given to the wife and forty-five percent to be given to the husband. The wife was awarded $500 a month as periodic alimony.
Based on the evidence before the trial court, we cannot say that it abused its discretion by awarding the wife $500 per month as periodic alimony.
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.