In this divorce case the current issues involve: (1) the division of property and alimony in gross, (2) attorney's fees and (3) proceedings in forma pauperis on appeal
 (1)
Certain well-known rules govern our review of this matter Since the trial court personally heard this contested case, there is a presumption which favors the correctness of that court's judgment if credible evidence supports it. Chernau vChernau, 396 So.2d 1061 (Ala.Civ.App. 1981); Frazier vFrazier, 273 Ala. 53, 134 So.2d 205 (1961). The division of property and alimony in gross are matters that fall within the sound discretion of the trial court and will not be disturbed upon appeal except for a palpable abuse of that discretionCoffelt v. Coffelt, 390 So.2d 652 (Ala.Civ.App. 1980); Williamsv. Williams, 389 So.2d 141 (Ala.Civ.App. 1980)
The wife was awarded her 1974 Chevrolet automobile, while the husband received his 1971 Datsun. Each party obtained their personal effects. There is no controversy over the disposition of those items. The contest is over the trial court's order that the mobile home of the parties be sold and its proceeds divided equally between the parties; and the wife further complains that nothing was mentioned in the judgment about two bank accounts. The above listed items constituted substantially all of their assets
We look to the evidence to observe if the testimony supports the judgment and summarize herein only such favorable testimony
The parties married in 1969 and have no children by their union. They own no real property. The wife now resides primarily with her mother, who is almost an invalid, requiring constant care
The mobile home is, and has been, located on her mother's property. The 1970 model, 12' X 44', mobile home was purchased by them in 1969 for $6,100. Title to it is in their joint names and they jointly paid the $400 down payment. The husband expended $100 for its being moved to, and set up on, their site. He spent over $1,000 for a shed at the mobile home
Both parties worked and their wages were applied to their living expenses. Generally, their paying habits evolved whereby the wife paid for the utilities and mobile home payments while the husband provided the grocery money. The husband purchased in full an air conditioner for the trailer and each bought some furniture for that dwelling. Since the marriage, he bought one car and she two
The wife is now receiving a social security payment of $235 each month because of a disability. The husband's total monthly income of almost $400 presently consists entirely of a check from social security and a disability payment from the Veterans Administration
Before they married, he had accumulated some money through raising hogs. Those proceeds, and some additional personal funds of one of his daughters, were deposited in a savings account which totaled $10,000. At one time, the wife's name appeared on that account although she had not contributed any amount to that particular account. The husband changed that savings account into the names of his two daughters. Also, he withdrew $500 from a checking account and left a balance of $1,000 therein for the wife. The wife also has around $2,700 somewhere that she received through a "backtime" check. At trial time, all of the funds which the husband possessed consisted of his pocket money of $15.00
The evidence clearly supported the judgment of the circuit court pertaining to the disposition of the mobile home and the failure to award to the wife any portion of that savings account or of the $500 withdrawn by him from the checking account. We find no abuse of discretion as to those matters
 (2)
No evidence was introduced in the trial court as to the reasonable value of the *Page 422 
legal services of the wife's attorney. Accordingly, we may not reverse that court for not awarding an attorney's fee to the wife in the absence of such evidence. Parker v. Parker,392 So.2d 229 (Ala.Civ.App. 1980). In any event, the trial court did not abuse its discretion in not allowing such fees to the wife
 (3)
The wife filed in the trial court a motion and affidavit to be allowed to proceed on appeal in forma pauperis pursuant to A.R.A.P. rule 24 (a). The trial court denied the motion, which action of that court is argued by the wife in the appeal proper as being error. That rule further provides that, where the trial court denies such a motion, a "motion for leave so to proceed may be filed in the appellate court within 28 days (4 weeks) after service of notice of the action of the trial court." Such a motion, with the required accompanying documents, was not filed in this court in this case. The proper procedure for obtaining leave to proceed in forma pauperis on appeal not having been followed, the wife's present complaint in the appeal proper as to that issue will not be consideredField v. Field, 382 So.2d 1132 (Ala.Civ.App. 1980)
We affirm
The appellant's application for an attorney's fee in this court is denied
The foregoing opinion was prepared by retired circuit judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e), Code 1975, and this opinion is hereby adopted as that of the court
AFFIRMED
All the judges concur