408 So.2d 117 (1981)
Hazel Peeks TAYLOR
v.
Robert Amon TAYLOR
Civ. 2765.
Court of Civil Appeals of Alabama.
October 28, 1981.
As Corrected on Denial of Rehearing November 25, 1981.
*118 M. Wayne Wheeler of Wheeler, Christian & Roberts, Birmingham, for appellant.
James M. Fullan, Jr. of Beddow, Fullan & Vowell, Birmingham, for appellee.
HOLMES, Judge.
This is a divorce case.
The Circuit Court of Jefferson County divorced the parties and awarded custody of the children to the wife. The trial court made a division of the property, and ordered the husband to pay child support and the wife's attorney's fee.
The wife appeals contending that the trial court abused its discretion in the amount awarded as child support and an attorney's fee. She also claims the trial court erred to reversal in its division of property between the parties and its failure to require the husband to maintain certain insurance.
We find no abuse of discretion and affirm.
Viewing the record with the attendant presumptions, we find the following:
The parties were married for approximately fourteen years. Three children, ages eleven, nine and eight, were born of the union.
The husband has been employed by the American Cast Iron Pipe Company (ACIPCO) for fifteen years as a maintenance machinist. His net monthly pay is approximately $1,250.
The wife supplemented the family income during the marriage by driving a school bus. After filing for a divorce, she began working at the Morris Family Health Care System as a laboratory and X-ray technician. Her net income is approximately $662 per month.
The record indicates there were a few episodes of physical violence between the parties, but no serious injury occurred. The wife's major complaint about the husband was his failure to give her enough money to maintain the household.
The parties owned a forty acre farm on which they built a three bedroom house. The property is worth approximately $90,000 and was operated at a loss as a cattle and beef farm. Most of the cattle was sold by the husband prior to the divorce, and the proceeds were put into the ACIPCO credit union in the children's names. Additionally, there were a number of bank accounts in the husband's name with a total value of more than $10,000. The parties owned several automobiles, trucks, farm equipment, eight cemetery plots, a pony and other livestock. The wife owned two insurance policies on the husband's life.
The court ordered the husband to pay to the wife for the support and maintenance of the minor children $125 per month per child. The husband was ordered to pay the wife's attorney $1,000 for services rendered during the divorce proceedings. It was also ordered in substance that the residence, *119 farm, farm equipment, cattle and cemetery lots be sold with the net proceeds divided equally between the parties. The husband was required to deliver to the wife $5,000 representing her portion of the savings accounts. All other personal property was specifically divided between the parties, and the husband was ordered to pay all outstanding indebtedness.[1]
In divorce actions, the determination of alimony, division of property, and the amount of child support are within the sound discretion of the trial court and will not be reversed except for palpable abuse. Armstrong v. Armstrong, 391 So.2d 124 (Ala.Civ.App.1980).
In the instant action, the wife would receive as child support $125 per month per child. The amount of child support awarded is within the trial court's discretion. See Clark v. Clark, 356 So.2d 1208 (Ala.Civ.App.1978). There does not appear from the facts of the instant action a plain and palpable abuse of that discretion in the amount of child support awarded the wife. The husband will pay $375 per month in child support out of his approximate monthly income of $1,250, leaving him about $875 for his own use. The wife's net monthly income from her job is $662 which is on par with that of the husband. When both husband and wife have incomes, the wife's income may be taken into account in determining the adequacy of a child support award. Williamson v. Williamson, 391 So.2d 115 (Ala.Civ.App.1980).
The wife contends that the farm and residence should not be sold and that she should be allowed to remain in the homeplace at least until the youngest minor child is nineteen. We find the trial court did not err to reversal in ordering the farm and residence to be sold with the proceeds divided equally between the parties. The court may, in its discretion, order the homeplace sold to effectuate an equitable division of the property. Williams v. Williams, 389 So.2d 141 (Ala.Civ.App.1980).
The wife next contends that the trial court erred in the distribution of the remainder of the parties' personal property and assets. The wife received a substantial portion of the marital estate although she claims she received less than the husband. A division of property between husband and wife need not be equal as long as it is equitable under the circumstances of the case. Parker v. Parker, 392 So.2d 229 (Ala. Civ.App.1980). The wife in the instant action, as indicated, received $5,000 and much of the personal property, in addition to being entitled to one-half of the proceeds from the sale of the land. We find there was no abuse of discretion in the trial court's division of the property.
Additionally, the wife apparently argues she is entitled to an award of periodic alimony. The trial court has wide discretion in determining whether or not periodic alimony should be awarded. Dunnam v. Dunnam, 381 So.2d 654 (Ala.Civ.App.1980). We hold the trial court did not abuse its wide discretion in this case. The wife is gainfully employed and presents no argument that her age or health would prevent her from working in the future. The husband's income, once child support is deducted, is not substantially different from that of the wife. Finally, the wife, as noted above, is receiving a large amount of the marital estate in the division of property and/or as alimony in gross.
Finally, in view of the award to the wife, and the award of child support, the trial court did not err to reversal in failing to require the husband to maintain certain insurance. Mitchell v. Mitchell, 348 So.2d 1071 (Ala.Civ.App.1977).
The husband has filed a motion with this court concerning the wife's alleged attempt to place before this court certain matters dehors the record. Suffice it to say, this court only considers matters contained in the record. Therefore, the motion is denied.
*120 We note that able counsel for the wife, during oral argument, earnestly contends error as indicated. While this court may not have taken, in the first instance, the action of the learned trial judge, we cannot reverse the trial court. In this instance, to reverse the trial court's action would be to substitute our judgment for that of the trial court. This the law does not permit. Sutton v. Sutton, 55 Ala.App. 254, 314 So.2d 707 (1975).
The wife's request for an attorney's fee on this appeal is denied.
In view of the above, this cause is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.

ON APPLICATION FOR REHEARING
HOLMES, Judge.
The wife, through counsel on application for rehearing, vehemently contends that this court misstated certain facts; to wit, the net pay of the husband. Counsel for the wife is incorrect. Specifically, on page 162 of the record, the husband made the following responses to questions asked by the wife's counsel:
Q Do you draw basically about $1,400 a month, take-home, is that your approximate take home?
A No, sir.
Q How much do you take home, please, sir?
A I take home about $1,250 a month.
Q Twelve fifty; all right.
There is other evidencenotably a statement of the husband's earnings from ACIPCOwhich indicates the husband's net pay was approximately $1,400 per month. It is the duty of the trial court to resolve conflicts in the evidence. It is not the function of this court to resolve such conflicts on appeal. See Greater Friendship A.M.E. Church v. Spann, 336 So.2d 1087 (Ala.1976). Furthermore, even had the trial court found the husband's net pay to be $1,400 per month the outcome of this appeal would not have been different.
Other contentions and/or allegations contained in counsel's application for rehearing do not warrant comment.
OPINION CORRECTED AND EXTENDED; APPLICATION FOR REHEARING OVERRULED.
WRIGHT, P. J., and BRADLEY, J., concur.
NOTES
[1] We do not, in this instance, find that the trial court's action in requiring the wife to make the mortgage payments for 120 days pending the sale of the property to be error. We particularly note that the wife has the benefit of residing in the residence for the pre-sale period.