This is a divorce case.
On January 11, 1982 Joy D. Faught and Kenneth L. Faught were awarded a divorce decree in the Circuit Court of Jefferson County on grounds of incompatibility of temperament. The divorce decree gave custody of the couple's one remaining minor child to the wife. The husband was given reasonable visitation rights and was ordered to pay $300 per month in child support and $500 per month in periodic alimony. Mrs. Faught was also awarded most of the furniture and furnishings in the marital home and an automobile. Mr. Faught was ordered to pay all of the debts except for the mortgages on certain parcels of real estate awarded to Mrs. Faught. He was also ordered to pay a $15,000 attorney's fee.
During the course of their marriage, Mr. Faught had engaged in the real estate business and had acquired a large amount of property. Due to the number and complexity of Mr. Faught's real estate holdings, the determination of the value of these holdings was referred to a special master. Based on the master's report, the court awarded Mrs. Faught the couple's homeplace, sixty acres of real estate in Walker County, and seven other income-producing parcels of real estate. Mrs. Faught has appealed to this court, and Mr. Faught has cross-appealed.
In brief here, Mrs. Faught contends that the amount of property she received in the division is grossly inadequate and, as a result, the trial court's judgment should be reversed. In support of this contention Mrs. Faught says that the court erred in basing its decision on the master's report, which took into consideration accumulated depreciation in arriving at the value of her husband's estate but failed to consider the depreciation on the property she was awarded. Appellee replies that the standing master's report is unassailable at this stage of the proceedings because appellant failed to except to the report within the time allowed by Rule 53 (e)(2), Alabama Rules of Civil Procedure.
Rule 53 (e)(2), Alabama Rules of Civil Procedure, provides as follows:
 "In an action to be tried without a jury the court shall accept the master's findings of fact unless clearly erroneous. Within 10 days after being served with notice of the filing of the report any party shall serve any written objections thereto upon the other parties. Applications to the court for action upon the report and upon objections thereto shall be by motion and upon notice as prescribed in Rule 6 (d)."
The comments to Rule 53 (e)(2), A.R.Civ.P., make it clear that the requirements concerning objections to a master's report are mandatory. Having failed to make a timely objection to the master's report as prescribed by Rule 53 (e)(2), appellant is precluded from raising any issue concerning its correctness in this court.
Accepting the validity of the master's report, we must now examine appellant's *Page 244 
complaint that she failed to receive an equitable division of the parties' property. She says she received only 23% of the marital property and because of her age and experience and the husband's fault this is an inadequate division of the property.
In a divorce case where the evidence has been heard orally, a strong presumption of correctness surrounds the trial court's ruling. Its decision will not be overturned on appeal unless it can be shown that there has been a gross abuse of that discretion. Williams v. Williams, 389 So.2d 141 (Ala.Civ.App. 1980). Moreover, the division of property between husband and wife need not be equal as long as it is equitable under the circumstances of the case. Taylor v. Taylor, 408 So.2d 117
(Ala.Civ.App. 1981), cert. denied, 408 So.2d 120 (Ala. 1982).
The evidence in the case at bar shows that appellant was awarded at least 23% of her husband's net estate or, at most, 39% of his estate, depending on which version of the evidence one wishes to believe. Also, several of the properties awarded to the wife produce monthly rental income. One version of the evidence fixes the rental income at about $1,300 a month and another version has the rental income running from $500 to $700 per month. The wife also received the marital home with most of its furniture and furnishings. She also received sixty acres of land in Walker County that she requested be awarded to her. Furthermore, the evidence shows that Mrs. Faught worked in her husband's real estate business for a number of years and that she is presently employed part time in the Jefferson County Tax Assessor's office earning about $5,000 per year. Such experience qualifies the appellant to properly administer the income-producing properties awarded to her.
Appellant also argues that the trial court failed to take into consideration the relative fault of the parties leading to the dissolution of the marriage in its division of the property. The wife argues that there was sufficient evidence of the husband's fault, i.e., drinking and an illicit affair, to warrant an award of more property than she received.
When a divorce is granted on the ground of incompatibility of temperament, the fault of the parties is a proper consideration for the trial court in awarding alimony and dividing property.Cooper v. Cooper, 382 So.2d 569 (Ala.Civ.App. 1980). The evidence concerning the husband's drinking habits and his affair with a female employee was vigorously contradicted by the husband. Where the evidence is conflicting, the power to resolve the conflicting evidence is vested in the trial court, and its judgment will not be set aside where there is no abuse of discretion. We find no abuse here.
For the foregoing reasons we find no error in the award of property to the wife.
The husband in his cross-appeal argues that the trial court's award of a $15,000 fee to the wife's attorney was excessive. An award of attorney's fees is a matter which rests within the sound discretion of the trial court. Smith v. Smith,369 So.2d 1235 (Ala.Civ.App. 1978), cert. denied, 369 So.2d 1239 (Ala. 1979). Its decision will not be overturned except for a clear abuse of discretion. Nolen v. Nolen, 398 So.2d 712
(Ala.Civ.App. 1981). The testimony contained in the record relating to the value of the services performed by the wife's attorney ranged from a low of $9,000 to a high of $30,000. In view of the evidence in this case we do not consider the award of $15,000 as an attorney's fee as an abuse of the trial court's discretion.
Appellant's request for an attorney's fee in this court is denied.
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur. *Page 245