BRADLEY, Judge.
This is a divorce case.
On June 8, 1984 Dorothy W. Waldrop filed a complaint for divorce against her husband, Russell H. Waldrop, on the ground of incompatibility of temperament. In January 1985 the trial court entered a final decree divorcing the parties. The parties’ marital home was ordered sold, with sixty-five percent of the sales proceeds to be paid to the wife and thirty-five percent to the husband upon the sale of the marital home. Pending the sale of the home, the wife was awarded exclusive use of the home and the husband was required to maintain the mortgage, taxes, and insurance on the home. The husband was awarded a lot located at Million Dollar Lake, one bedroom suite, one television set, and four vehicles. The wife was awarded the remaining household furniture, including two bedroom suites, living room and den furniture, several televisions, and one vehicle. The parties’ joint IRA account was ordered divided equally between them. The husband was ordered to pay the wife’s attorney fees in the amount of $1,000.
The wife appeals, contending that the trial court abused its discretion in refusing to award her the parties’ homeplace and in refusing to award her periodic alimony. We find no abuse of discretion and affirm.
Division of property and determination of alimony are matters within the *1203 sound discretion of the trial court and such discretion will not be reversed except for palpable abuse. Smitherman v. Smitherman, 437 So.2d 127 (Ala.Civ.App.1983). In determining whether alimony or a particular division of property is appropriate, the trial court should consider several factors, including the earning capacity of each party, the age, health, standard of living, and conduct of the parties during the marriage, and the duration of the parties’ marriage. Williams v. Williams, 389 So.2d 141 (Ala.Civ.App.1980).
The record reveals the following.
The parties were married approximately thirty-one years. Two children were born of the marriage, both of whom are now adults. Both parties are in their fifties.
The wife works for South Central Bell, where she earns approximately $1,400 to $1,500 a month. She has worked at South Central Bell for seventeen years. She has $10,000 in savings at Telco Credit Union and has $50 deposited into that account every two weeks. She also has $3,000 in a savings account at Jefferson Federal, and owns $1,000 worth of telephone company stock.
The husband is employed as a dragline operator by Blue Creek Mining Company (Blue Creek). He earned approximately $43,000 in 1984. The husband explained that his earnings in 1984 were unusually high because he worked overtime a great deal. Blue Creek apparently required that its employees work overtime due to an anticipated strike by the United Mine Workers Union, of which the husband was a member. In fact, at the time of trial the husband was laid off by Blue Creek. The husband testified that he made approximately $30,000 in 1982 and in 1983. He further testified that he was making between $2,000 and $2,800 a month shortly before he was laid off. The husband is in good health.
The wife testified about her physical ailments. Specifically, the wife has a bad back, which she says prevents her. from lifting heavy objects at work. However, at the time of trial she was employed full time with South Central Bell, earning a salary of $18,000 a year, and enjoyed bowling every Wednesday night. She has health insurance provided by her employer.
The wife contends that the trial court erred in refusing to award her periodic alimony. A trial court has wide discretion in determining whether periodic alimony should be awarded. Dunnam v. Dunnam, 381 So.2d 654 (Ala.Civ.App.1980). The trial court will not be reversed for refusing to award periodic alimony to a wife absent clear and palpable abuse of its discretion. Clark v. Clark, 356 So.2d 1208 (Ala.Civ.App.1978). The wife contends that her monthly income is insufficient to meet her monthly expenses. She admitted however that some of her stated expenses included her twenty-nine year old daughter’s living expenses and also included medical expenses for which the wife was reimbursed by her insurance company. Thus, the trial court may have reasonably concluded from the evidence that the wife’s monthly earnings of $1,500 were such that she could support herself. Also, as previously mentioned, the wife had $13,000 in savings, $1,000 worth of telephone company stock, and was awarded half of a $1,500 joint IRA account. The trial court ordered that the wife receive sixty-five percent of the sales proceeds.upon the sale of the parties’ marital home, valued at approximately $40,000, and awarded her most of the household furnishings. At age sixty-five the wife could begin to draw retirement in the amount of $300 a month.
The husband was laid off at the time of the trial and was not sure how long the lay off would continue. He has no substantial savings, although he stated that he had approximately $10,000 in cashiers checks. The husband stated that in ten years he could draw retirement benefits in the amount of $135 a month. The husband will receive thirty-five percent of the sales proceeds from the sale of the marital home. Given the above, the trial court apparently concluded that the wife did not need periodic alimony, particularly in light of the other awards to her, and that *1204 the husband’s ability to pay was uncertain. We therefore conclude that the trial court’s refusal to award the wife periodic alimony was not an abuse of discretion. See Burson v. Burson, 363 So.2d 778 (Ala.Civ.App.1978) (upholding trial court’s refusal to award wife periodic alimony in case similar to case at bar).
The wife next contends that the trial court committed reversible error in refusing to award her the marital home. We have stated that the trial court may in a divorce proceeding order the parties’ home-place sold to effectuate an equitable division of the parties’ property. Taylor v. Taylor, 408 So.2d 117 (Ala.Civ.App.1981). Here, the wife is to receive sixty-five percent of the proceeds from the sale of the marital home. She is also allowed to live at the home rent-free until it is sold. We find that the trial court did not err to reversal in ordering the parties’ home sold with the proceeds divided between the parties. We, therefore, affirm the order of the trial court.
The wife’s and the husband’s requests for attorneys’ fees are denied.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.