J. ED TEASE, Retired Circuit Judge.
This is an appeal by the husband from the provisions of a final decree of divorce.
The parties were married in 1962 and lived together until husband moved from the marital residence in January 1985. During the marriage the parties reared two children, now adults. The wife operates a retail clothing store, and husband is a communications technician. The evidence showed his annual income to be approximately $30,000 and the wife’s income from the store to be between $15,000 and $30,-000 annually.
During the marriage the parties acquired the following real estate: (a) the marital residential dwelling located on six acres, occupied by wife; (b) residential dwelling located on three acres, occupied by wife’s parents; (c) commercial store building used and occupied by wife in her ladies’ clothing business; (d) one hundred and twenty acres including a “substandard” house occupied by husband; and (e) unimproved lot in Fal-do, Alabama.
The evidence reflects that the primary residence occupied by wife was purchased by the parties in 1977. It is now valued for ad valorem tax purposes at $96,800. At least since the separation in January 1985 the wife has paid the monthly mortgage payments of $768.81. At the time of trial the existing mortgage balance was $34,000.
The additional residence was acquired in 1975 and is valued at approximately $36,-000. During their occupancy of the residence, wife’s parents have spent $11,000 to improve the property. At the time of trial the mortgage balance was approximately $1,500. In addition, they have spent approximately $13,000 toward the education expenses of a child of the parties.
The store building was acquired in 1984 for $23,000 and is now valued for ad valo-rem tax purposes at $34,000. The property was financed by a loan from husband’s parents, who continue to receive $200 per month from husband as interest on the loan.
The one hundred and twenty acres and the Faldo lot were acquired by gift from husband’s parents and are valued for ad valorem tax purposes at approximately $50,000.
*795 The court, after an ore tenus proceeding, awarded the wife title to both residences and awarded husband title to the commercial store building, the one hundred and twenty acre tract, and the Faldo lot. Wife was required to assume and pay the outstanding mortgage balances on the two residences awarded her, and husband was required to assume the $200 per month obligation to his parents on the store building, even though the wife was permitted to occupy the property so long as she actively operated the ongoing business. Wife was also awarded the contents of the primary residence and alimony in gross at $300 per month for forty-eight months.
Although the trial court grounded its divorce decree on incompatibility of temperament, there was some evidence of fault, including testimony that husband had lived with another woman after he moved from the marital residence.
Husband argues on appeal that the cumulative effect of the divorce decree relating to property division and alimony in gross was so inequitable to husband as to constitute abuse of discretion.
While husband urges us to examine the final decree in light of the well-established factors and standards governing awards of property and alimony, he concedes that absent a showing of abuse of discretion the trial court must be affirmed. However, in an excellent brief, he earnestly contends that abuse of discretion is present in this case.
While we can certainly agree with husband that the awards to each party are far from equal, such is not the test. Neither can we say as a matter of law that the property division and the award of alimony in gross were so inequitable, under the circumstances of the case, as to be palpably wrong, amounting to abuse of discretion.
As to the merits of this appeal, we note at the outset that the division of property and award of alimony are within the sound discretion of the trial court and will not be reversed except for palpable abuse of that discretion. Wilson v. Wilson, 404 So.2d 76 (Ala.Civ.App.1981).
No fixed standards exist for determining the amount of alimony or for dividing property. The division of property is required only to be equitable, not equal, according to the facts and circumstances of each case. Weatherly v. Weatherly, 469 So.2d 653 (Ala.Civ.App.1985); Hinds v. Hinds, 415 So.2d 1122 (Ala.Civ.App.1982).
Factors to be considered when making an equitable division of property and award of alimony are the future prospects of the parties, their ages, health, station in life, length of marriage, the conduct of the parties in regard to the cause of the divorce, the source, value, and type of property owned, and the earning capacity of each party. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985); Waldrop v. Waldrop, 475 So.2d 1202 (Ala.Civ.App.1985); Kyser v. Kyser, 456 So.2d 816 (Ala.Civ.App.1984).
Considering such factors, we find no abuse of discretion in the trial court’s division of property or the award of alimony in gross. Moreover, on appeal, we may not indulge ourselves in speculation as to whether we would have written a decree different from that written by the learned trial judge. Suffice it to say that we have carefully read and considered the entire clerk’s record, the trial transcript, and the briefs of able counsel, and have no difficulty holding that the evidence supported the final judgment.
The judgment of the trial court is due to be and is therefore affirmed.
The foregoing opinion was prepared by Retired Circuit Judge J. ED TEASE while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.