ROBERT P. .BRADLEY, Retired Appellate Judge.
This is a divorce case.
The wife filed a complaint for divorce in the Circuit Court of Dale County, Alabama. A reference hearing was held on December 8, 1989, after which the referee entered an order requiring the husband to pay $800 per month as pendente lite child support for the parties' two minor daughters.
On February 19, 1991 the wife filed a petition for contempt alleging that the husband had missed three pendente lite child support payments.
After an ore tenus proceeding the trial court entered an order of divorce on April 14, 1991. The wife was awarded custody of the children, with liberal visitation for the husband. The court also divided the parties’ marital property. The court made no finding concerning the wife’s motion for contempt.
The wife filed a motion for new trial, and this motion was denied. After the wife filed notice of appeal to this court, the trial court entered an order restricting the husband’s visitation with the children pending the outcome of the wife’s appeal.
The wife challenges several aspects of the court’s decree of divorce. She first argues that the court erred in allowing the husband to have unsupervised visitation with the children.
In her complaint for divorce, the wife alleged that the husband had sexually abused one of the parties’ minor daughters. At trial, both parties offered lengthy, conflicting testimony concerning this alleged abuse, and further testimony was offered by a child psychologist and the husband’s parents.
The trial court is vested with broad discretion to settle the issue of visitation rights, Faught v. Faught, 423 So.2d 242 (Ala.Civ.App.1982), and to settle the conflicts in the testimony presented. Matter of Hughes, 434 So.2d 790 (Ala.Civ.App. 1983). Its judgment will not be set aside unless it is so unsupported by the evidence as to be plainly and palpably wrong. Faught.
After reviewing the record in this case, we cannot find that the trial court’s judgment is unsupported by evidence. We emphasize that in cases such as this, the trial court’s opportunity to observe the parties and witnesses is crucial. It is an opportunity we are not afforded; thus we cannot substitute our judgment for that of the trial court. In view of this we have no alternative but to affirm the trial court’s award of visitation rights to the husband.
*483 The wife next argues that the trial court erred in failing to find the husband in arrears for nonpayment of pendente lite child support.
At trial, the wife presented uncontrovert-ed testimony that the husband had missed some of the monthly pendente lite payments required by the reference order. However, after searching the record we find no indication that the trial court ever adopted or ratified the reference order. A reference order which requires a husband to make support payments must be adopted by the trial court before the husband can be considered to have been ordered to make payments. Ex parte Moreland, 465 So.2d 1163 (Ala.Civ.App.1985). Without acceptance by the trial court, the husband is not under an order of the court and therefore may not be held in contempt for failure to make the payments as required by the reference. Moreland. In light of Moreland, we find no error in the trial court’s failure to find the husband in contempt for failure to pay pendente lite support.
The wife next argues that the trial court erred in awarding the husband full right, title, and interest in the parties’ mobile home and 17 acres of land.
The record reveals that for a period during the marriage the parties lived in the mobile home on land that belonged to the husband's father. Prior to the divorce, the husband and his father bought 17 acres of land, which was then put in their names.
The record shows that the wife supplied $2,000 as a down payment on the mobile home, and later supplied $600 as a payment on the 17 acres of land. The wife argues that these payments entitle her to a share of these assets.
A division of property is not required to be equal, but it does have to be equitable according to the particular circumstances of the case. Giles v. Giles, 512 So.2d 1380 (Ala.Civ.App.1987). Before the division of property can be reversed, there must be a determination that the award was so disproportionate as to be inequitable. Thompson v. Thompson, 377 So.2d 141 (Ala.Civ.App.1979).
We recognize that the husband was awarded the property of greatest value from the marriage, but he was also charged with the considerable debt that remains on the property. The wife was awarded an automobile, as well as various items of personal property. Both parties are educated professionals with solid employment and good health. These are all factors that the trial court could properly consider. Johnson v. Johnson, 423 So.2d 871 (Ala.Civ.App.1982). We find no error in its award of the trailer and land to the husband.
The wife’s final argument is that the trial court erred in awarding the husband a 35 millimeter camera and a video camcorder as part of the property division.
As the wife correctly points out, separate property which was acquired by gift cannot be taken into consideration for a property division unless it is shown that the property had been used for the common benefit of the parties during their marriage. § 30-2-52, Code 1975.
At trial, the wife repeatedly testified that both the camera and the camcorder were given to her by the husband as gifts. There is nothing in the record to rebut this testimony or to show that the cameras were used for the parties’ common benefit during the marriage. We therefore find that the cameras were the wife’s separate property and not subject to division by the court. This aspect of the trial court’s judgment is reversed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
All the Judges concur.